IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>NICOLE RENA MCCREA,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td></td><td>CIVIL NO.: WDQ-15-579</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>JOHNS HOPKINS</td><td></td><td></td></tr>
<tr><td>UNIVERSITIES, *et al.*,</td><td>*</td><td></td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Nicole Rena McCrea, *pro se*, sued Johns Hopkins Universities
("JHU"), and others[1] (collectively, the "Defendants"), for
racial, disability, and sex discrimination, and retaliation.
ECF No. 1.  Pending are the Defendants' motion to dismiss, or
for a more definite statement, ECF No. 8, and McCrea's motions
to amend her opposition, ECF Nos. 12, 14.  No hearing is
necessary.  Local Rule 105.6 (D. Md. 2014).  For the following
reasons, the Court will order McCrea to provide a more definite
statement.  McCrea's first motion to amend her opposition will

---

[1] McCrea sued the JHU Office of Institutional Equity, Vice
Provost of Institutional Equity, the JHU Office of the Vice
President and General Counsel, Dexter Smith, and Eileen Haase.
ECF No. 1 at 1-4.

be denied as moot;[2] her second motion, construed as a motion for

leave to file a surreply, will be granted.[3]

I.   Background[4]

McCrea is an African American female enrolled in JHU's

Engineering for Professionals[5] program.  ECF No. 1 ¶ 1.[6]  Haase

---

[2] McCrea filed her first motion to amend her opposition under the
mistaken belief that the Defendants' motion had been converted
into one for summary judgment.  ECF No. 12-1 at 1, 3.  McCrea
incorrectly believed that the Court's Rule 12/56 notice, which
advised her that the Defendants had "filed a motion to dismiss
or for summary judgment," ECF No. 10 (emphasis added), meant
that the motion had been converted, ECF No. 12-1 at 1.  Because
the motion has not been converted, McCrea's first motion to
amend will be denied as moot.

[3] McCrea relies on Fed. R. Civ. P. 15 to amend her opposition.
ECF No. 14 at 1.  Rule 15 applies to pleadings; an opposition is
not a pleading.  See Fed. R. Civ. P. 15 (governing amended and
supplemental pleadings); Fed. R. Civ. P. 7(a) (listing types of
pleadings).  However, in light of McCrea's pro se status, and
her confusion about the nature of the Defendants' motion, the
Court will accept her memorandum of law in support of her second
motion for leave to amend (ECF No. 14-1) as a surreply to the
Defendants' reply (ECF No. 13).  See Local Rule 105.2(a) (D. Md.
2014) ("Unless otherwise ordered by the Court, surreply
memoranda are not permitted to be filed."); Francisco v. Verizon
South, Inc., 272 F.R.D. 436, 440 (E.D. Va. 2011) ("As a general
rule, enforcement of local rules is within the sound discretion
of the Court.").

[4] The facts are from McCrea's complaint.  ECF No. 1.  For the
motion to dismiss for failure to state a claim, the well-pled
allegations in the complaint are accepted as true.  See
Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011).  In
reviewing the motion to dismiss, the Court may consider
allegations in the complaint, matters of public record, and
documents attached to the complaint that are integral to the
complaint and authentic.  See Philips v. Pitt Cnty. Mem'l Hosp.,
572 F.3d 176, 180 (4th Cir. 2009).

is the head of the Engineering for Professionals department. *Id.* ¶ 2.  Smith is the Associate Dean of Engineering for Professionals.  *Id.* ¶ 18.

From the spring of 2010 to the spring of 2011, McCrea's "application," "acceptance," and "filing of [her] program plan/course of study" were "sabotage[d]" or "mishandl[ed]"; McCrea believes the conduct was because of her race "because of the negative and malicious intent displayed whenever [she] complained about the treatment." *Id.* ¶ 3.

In the spring of 2011, McCrea received an "F" grade in her Medical Sensors and Devices class; she challenged the grade, which "was finally changed." *Id.* ¶ 4.  McCrea believes she received the "F" grade because she was the only African American student in the class and timely submitted her work; white students were permitted to untimely submit their work "without reprisal." *Id.*

In the fall of 2011, McCrea received an "F" grade in her Psychology class. *Id.* ¶ 5.  Though performing poorly on the first test, McCrea "felt [she] had done extremely well" on the

---

[5] McCrea initially alleges that she was enrolled in the "Engineering for Professionals" program; however, she later alleges that she was dismissed from the "Applied Biomedical Program." ECF No. 1 ¶¶ 1, 18.  It is unclear whether McCrea changed programs, or whether the programs are related.

[6] McCrea's factual allegations begin on page five of her electronically filed complaint, ECF No. 1.

second test--well enough to receive an "A" grade--which would have earned her a "C" overall. *Id.* McCrea believes her overall "F" grade was because of her race and in retaliation for her complaint about Haase's role in her receipt of an "F" grade for her Medical Sensors and Devices class. *Id.*

In the spring of 2012, McCrea took Physiology II, which was taught by Haase. *Id.* ¶ 6. According to McCrea, she was given a different first test than other students, which she believes was because of her race and sex, and in retaliation for complaints against Haase. *Id.*

In May 2013, McCrea was assaulted; she was diagnosed with Post-Traumatic Stress Disorder ("PTSD"). *Id.* ¶ 7. In August 2013, she was ready to return to JHU. *Id.*

In the fall of 2013, McCrea registered for three classes: Mathematical Methods, Cell and Tissue Engineering, and Biomaterials; however, she "dropped all but . . . Biomaterials." *Id.* ¶ 8.[7] She dropped Mathematical Methods, and changed Cell and Tissue Engineering to audit status. *Id.* McCrea untimely submitted her assignments in her Biomaterials class, and received an "I"--"Incomplete"--grade. *Id.*

---

[7] "For whatever reason" her access to materials for Mathematical Methods and Cell and Tissue Engineering had been restricted. ECF No. 1 ¶ 8. McCrea provided "irrefutable" proof that her internet provider was not the problem. *Id.* A JHU technician told McCrea that administrative restrictions had been put in place accidentally. *Id.*

In February 2014, McCrea received instructions about timely completing her Biomaterials class. *Id.* ¶ 9.  McCrea began complying with the requirements; however, the class professor-- Dr. Richard Potember--and Haase told her "not to bother" because it would be unfair to students who had timely submitted their work. *Id.*  The "I" was changed to an "F" grade. *Id.*  McCrea challenged the grade; however, Doug Schiller, with JHU Student Services, "interrogate[d]" her about her PTSD, and "refused to process [her] . . . grade appeal." *Id.* ¶ 10.  McCrea believes this was because of her PTSD and in retaliation for complaints against Potember and Haase. *Id.*[8]

In April 2014, McCrea filed an "equity compliance complaint" with JHU's Office of Institutional Equity. *Id.* ¶ 12. Later that month, the Office told her that she had not "establish[ed] a causal connection between respondents' actions/conduct and harassment or discrimination based on a protected class," and she had not "identif[ied] how the actions taken by the respondents are related to a protected class or how [she] was treated differently than others not in my protected class." *Id.* ¶ 14.  In June 2014, Smith dismissed McCrea from the Applied Biomedical Engineering program. *Id.* ¶ 18.

---

[8] In May 2014, Smith affirmed the "F" grade. *Id.* ¶ 17.

On February 27, 2015, McCrea sued the Defendants for discrimination.  ECF No. 1.[9]  The civil cover sheet attached to her complaint asserts federal, state, and civil rights violations, but does not identify the federal--or state-- statutes under which she is filing her claims.  *See* ECF No. 1-1. McCrea seeks $500,000 in monetary damages, an injunction ordering her "F" grade in her Biomaterials class to be changed to an "A", a formal investigation into Haase and the JHU Office of Institutional Equity, and reinstatement to the Applied Biomedical Engineering program.  ECF No. 1 at 10-11; 1-1.[10]

On June 30, 2015, the Defendants moved to dismiss the complaint for failure to state a claim, or for more definite statement.  ECF No. 8.  On July 16, 2015, in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), a "Rule 12/56" letter was mailed to McCrea, explaining that she had a right to respond to the motion, and that failure to respond may result in the entry of judgment of against her or dismissal of her case.  ECF No. 10.

---

[9] At some time (the date is not in the record), McCrea filed a complaint with the U.S. Department of Education's Office of Civil Rights ("DOE OCR").  ECF No. 11-1 at 5.  The DOE OCR dismissed in part her charges because of the statute of limitations and its "questionable . . . continuous violations standards."  *Id.*  The DOE OCR made a written determination as to other allegations, though McCrea does not state what that determination was.  *Id.*

[10] On June 16, 2015, each Defendant was served with the complaint.  *See* ECF Nos. 4-7.

On July 20, 2015, McCrea opposed the motion.  ECF No. 11.
On July 28, 2015, McCrea moved to amend her opposition.  ECF No.
12.  On August 3, 2015, the Defendants replied.  ECF No. 13.  On
August 10, 2015, McCrea again moved to amend her opposition.
ECF No. 14.

II.  Analysis

    A.   Legal Standards

        1.   Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), an action
may be dismissed for failure to state a claim upon which relief
can be granted.  Rule 12(b)(6) tests the legal sufficiency of a
complaint, but does not "resolve contests surrounding the facts,
the merits of a claim, or the applicability of defenses."
*Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.
2006).

The Court bears in mind that Rule 8(a)(2) requires only a
"short and plain statement of the claim showing that the pleader
is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l,
Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's
notice-pleading requirements are "not onerous," the plaintiff
must allege facts that support each element of the claim
advanced.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761,
764-65 (4th Cir. 2003).  These facts must be sufficient to

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

2.  Motion for a More Definite Statement

Under Federal Rule of Civil Procedure 12(e):

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.... If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). A motion for more definite statement focuses on whether a party has "enough information to frame an adequate answer." *Streeter v. SSOE Sys.*, No. WMN-09-CV-1022,

2009 WL 3211019, at *10 (D. Md. Sept.29, 2009) (citation and internal quotation marks omitted).  A motion for a more definite statement challenges the intelligibility or ambiguity of the complaint, not whether the allegations state a claim.  *Smith v. McGraw*, No. 10-cv-02310-AW, 2011 WL 1599579, at *5 (D. Md. Apr. 27, 2011); *Frederick v. Koziol*, 727 F. Supp. 1019, 1020–21 (E.D. Va. 1990).

Whether to grant a motion for a more definite statement is "generally left to the district court's discretion."  *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).  However, this motion is disfavored because of the liberal pleading standard.  *Frederick*, 727 F. Supp. at 1021.  If the movant seeks information that is available or properly sought through discovery, the motion should be denied.  *Id*.

B.   The Defendants' Motion

The Defendants contend that McCrea's complaint must be dismissed because she has failed to identify "any constitutional, statutory, or common law cause of action for her claims."  ECF No. 8-1 at 4.  Although they "do not take issue with [McCrea's] facts," ECF No. 13 at 3, the Defendants contend that they lack "adequate notice of the basis for [] McCrea's claims" because there are several "federal and state civil rights provisions that [she] could be seeking to enforce, each

of which may have different standards for liability, available damages, and defenses," ECF No. 8-1 at 4-5.

McCrea contends that she has adequately alleged "harassment, disparate treatment, adverse treatment, disparate impact, violation of procedural due process, hostile environment, [race] discrimination . . ., [sex] discrimination . . ., [disability] discrimination . . .[,] and retaliation during protected activity." ECF No. 11-1 at 4.  She further contends that her complaint should be "seen and assessed in whole as a continuous violation of discrimination and harassment leading to acts of retaliation through adverse treatment, deliberate indifference[,] and negligence[,] creating a hostile academic environment . . . resulting in deprivation of a protected interest in property or liberty."  *Id.* at 5.[11]

Even construing McCrea's complaint liberally,[12] she has failed to adequately state her claims.  Her civil cover sheet

---

[11] McCrea also asserts that documents sent to her from the DOE OCR identified a "common law or statute."  ECF No. 14-1 at 6. McCrea appears to contend that the Court should consider those documents as integral to the complaint.  *See id.*; ECF No. 11-1 at 5.  However, McCrea did not attach any DOE OCR documents to her complaint.  Accordingly, there is nothing from the DOE OCR for the Court to consider.

[12] *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations and quotation marks omitted).

generally asserts violations of federal, state, and civil
rights, and she left blank the section in which she should have
identified the relevant statutes. *See* ECF No. 1-1. Judges in
this District have routinely dismissed *pro se* complaints for
failure to identify the constitutional, federal, or state
provisions upon which the plaintiff's claims are based. *See,
e.g.*, *Lee v. Dep't of Pub. Safety & Corr. Servs.*, No. RWT-13-
1341, 2014 WL 1120238, at *4 (D. Md. Mar. 19, 2014)(dismissing
the complaint when the plaintiff failed to cite a federal cause
of action and asserted "Excessive Punishment, Excessive
Restriction of Liberty etc." on the civil cover sheet); *Zeno v.
Chevy Chase Bank*, No. PJM 08-2236, 2009 WL 4738077, at *2 (D.
Md. Dec. 4, 2009)(dismissing complaint when the plaintiffs
failed to identify the basis for his claim and merely alleged
that the defendants "used [their] place of origin, namely Puerto
Rico, and/or race, as a basis of discrimination in denying them
the same treatment mandated them under the law"). McCrea's
complaint, opposition, and surreply[13] allude to several potential

---

[13] The Court is mindful that a Rule 12(b)(6) motion to dismiss
tests the legal sufficiency *of a complaint*. *See Presley*, 464
F.3d at 483; *Redding v. Ameriprise Auto & Home Ins.*, CIV.A. DKC
11-3141, 2012 WL 1268327, at *4 n. 6 (D. Md. Apr.13, 2012) ("It
is axiomatic . . . that the complaint may not be amended by the
briefs in opposition to a motion to dismiss.") (*quoting* Car
Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.
1984) (internal quotations omitted)). However, the Court notes
the several ways in which McCrea appears to understand her

constitutional, statutory, and common law claims, leaving the
Defendants "to guess as to what the legal basis for [her] claims
might be, a clearly unacceptable state of affairs." *Zeno*, 2009
WL 4738077, at *2.

At this stage, however, dismissal would be premature. *Cf.*
*Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347, 190 L.
Ed. 2d 309 (2014) (per curiam) (district court erred in granting
summary judgment against the plaintiffs for failure to cite 42
U.S.C. § 1983 in their complaint as the basis for the claims).[14]
Thus, the Court will grant the Defendants' motion for a more
definite statement.[15] Accordingly, within 14 days of the date of
the accompanying Order, McCrea must identify the constitutional,

---

claims as further evidence of her need to clarify the bases for
her claims.

[14] McCrea relies on *Johnson* to argue that the Court should
decline to grant either of the Defendants' requested forms of
relief. ECF No. 14-1 at 4. Unlike *Johnson*, however, where the
plaintiffs identified the constitutional basis for their claims
(the Fourteenth Amendment), the statutory basis of the
plaintiffs' claim was clear, and the judgment turned on a mere
formality, 135 S. Ct. at 347, here, the bases for McCrea's
claims are unclear. Further, consistent with *Johnson*, McCrea is
being afforded the opportunity to provide a more definite
statement. *See Johnson*, 135 S. Ct. at 347 (remanding the suit
with instructions to afford plaintiffs the opportunity to amend
the complaint to cite § 1983).

[15] Because the Defendants seek clarification about the bases for
McCrea's claims, thus enabling them to properly respond to the
complaint, it would be inappropriate to force the Defendants to
wait until discovery to acquire that information. *See Smith*,
2011 WL 1599579, at *5; *cf. Frederick*, 727 F. Supp. at 1021.

federal, or state provisions or common law causes of action
implicated in her case.  McCrea may also include documents that
she considers "integral" to her complaint.[16]

III. Conclusion

For the reasons stated above, the Defendants' motion for a
more definite statement will be granted.  McCrea's first motion
to amend her opposition will be denied as moot; her second
motion, construed as a motion for leave to file a surreply, will
be granted.

_12/17/15_____          _____
Date                              William D. Quarles, Jr.
                                  United States District Judge

---

[16] A document is "integral" to the complaint when, "by its very
existence, and not the mere information it contains, [it] gives
rise to the legal rights asserted."  *Franklin v. Tri-Cty.
Council for Lower E. Shore of Maryland*, No. CIV.A. ELH-15-00786,
2015 WL 3610307, at *2 (D. Md. June 5, 2015) (*quoting Chesapeake
Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d
602, 611 (D. Md. 2011) (internal quotation marks and emphasis
omitted).