FILED _____ ENTERED
LODGED _____ RECEIVED

JUN 1 3 2016

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

IN THE UNITED STATES DISTRICT COURT ALTIMORE-NIGHT BOX
FOR THE DISTRICT OF MARYLAND
(Northern Division)

2016 JUN 13  PM II: 03

NICOLE RENA MCCREA,

     Plaintiff,

v.                                                    Civil Action No.: JKB-15-0579

JOHNS HOPKINS

UNIVERSITIES, et al.

     Defendants,


## PLAINTIFF'S MOTION to QUASH  the DEFENDANTS' SUBPOENA to PFC Associates


I, Nicole Rena McCrea, *Pro Se* Plaintiff, pursuant to Federal Rule of Civil Procedure 45 and

Federal Rule of Civil procedure 26 respectfully moves the United States District Court For The

District Of Maryland (Northern Division) ("Court") to Quash the Defendants',  The Johns

Hopkins Universities, Dexter Smith and Eileen Haase ("Defendants") third party subpoena to

COPE, Incorporated.


## I. Background

On January 21, 2016 The Defendants': The Johns Hopkins Universities, Dexter Smith and Eileen

Haase ("Defendants") served the Plaintiff with the Defendants' First Set of Interrogatories and The

Defendants' First Set of Requests for Document Production.  On January 28, 2016 The Defendants' filed

their status report expressly asserting that they did not wish to appear before a United States

Magistrate Judge.  On February 24, 2016 the Plaintiff submitted objections; partial responses with

reservation to supplement when appropriate and asserted particularized privileges as pertaining to

documents exempted from discovery, documents protected by: the privilege of confidentiality, the

privilege of fact work product and the privilege of opinion work product, to the Defendants' First Set of

Interrogatories and The Defendants' First Set of Requests for Document Production.  On March 17, 2016

the Defendants' submitted to the Plaintiff a statement pertaining to the Defendants' issues with the

Plaintiff's Objections and Responses to the Defendants' First Set of Interrogatories and The Defendants'

First Set of Requests for Document Production.  On March 24, 2016 the Plaintiff sought and received the

Defendants' permission to submit her response to the Defendants' issues with her objections, responses

and assertions of privilege.  On March 24, 2016 the Plaintiff submitted Plaintiff's Status report; expressly

asserting her wish not to appear before a United States Magistrate Judge .  On March 24, 2016 the

Defendants' submit Defendants' Status Report re-asserting that they did not wish to appear before a

United States Magistrate Judge. On March 31, 2016 the Plaintiff sought leave, documented via e-mail,

from the Defendants' to extend the deadline April 01, 2016 to due to technical difficulties with her flash

drive.  The Defendants' acknowledged the Plaintiff's request and granted the extension.  On April 01,

2016 at 11:01 pm the Plaintiff served the Plaintiff's response to the Defendants' issues on their

attorneys of record via certified mail with electronic tracking Elena Marcuss' USPS tracking number,

9502 8000 3402 6092 0002 91 and Adam Simons' USPS tracking number, 9502 8000 3402 6092 0003 07.

On April 07, 2016 the Defendants' filed a Request for Court Conference Regarding Discovery Dispute.

On April 07, 2016 Judge James K. Bredar entered a paperless order for a discovery hearing scheduled for

April 15, 2016 at 2:00pm.  On April 12, 2016 Judge James K. Bredar VACATED his April 07, 2016 paperless

order and rescheduled the discovery hearing, to April 25, 2016.  On April 20, 2016 Judge James K. Bredar

VACATED his April 12, 2016, Court Order and rescheduled the discovery hearing, once again, to April 29,

2016 at 3:00pm. On April 25, 2016 Judge James K. Bredar VACATED his April 20, 2016, Court Order and

rescheduled the discovery hearing, once again, to April 29, 2016 at 1:15pm.  On April 29, 2016 Judge

James K. Bredar VACATED his April 25, 2016, Court Order and rescheduled the discovery hearing, once again, to May 10, 2016 at 1:15pm. On May 10, 2016 Judge James K. Bredar disregarded both the Plaintiff and the Defendant's expressed written refusal to appear before a United States Magistrate Judge. On May 11, 2016, in disregard to both the Plaintiff and the Defendant's expressed written refusal to appear before a United States Magistrate Judge, Judge James K. Bredar docketed his Order referring the case to a United States Magistrate Judge for all discovery and related scheduling matter. On May 13, 2016 Defendants served four subpoenas. On May 18, 2016, United States Magistrate Judge Beth P. Gesner docketed her Order to appear on May 26, 2016 for a conference call; expressing, sua sponte, judicial notice of adjudicative facts. On May 25, 2016 Plaintiff filed Plaintiff's Request to be heard in Response to Sua Sponte Judicial Notice of Adjudicative Facts. On May 26, 2016, Plaintiff filed Plaintiff's Amended Request to be heard in Response to Sua Sponte Judicial Notice of Adjudicative Facts. On May 26, 2016, During the Teleconference, Judge Gesner acknowledged both of Plaintiff's Requests to be heard and stated that she would get that opportunity; that she would assess the Defendants' relevancy assertions and the Plaintiff's privilege assertions; Defendant acknowledged that many of his request were too broad or "that's not what he meant when he requested". On May 27, 2016 Judge Beth P. Gesner docketed her Order**[Attachment A1-A2]**; that the Plaintiff produces complies with all of the Defendants' requests in Interrogatories and document production as is, citing Plaintiff's responses as incomplete and evasive; did not address the Plaintiff's asserted privileges and did not make a definitive decision on Plaintiff Request to be Heard.

## II. Grounds

A party does not have standing to challenge a subpoena issued to a third party "unless the party claims some personal right or privilege in the information sought by the subpoena". U.S. v. Idema, 118 Fed App'x 740, 744 (4th Cir. 2005) "Absent this showing, the party lacks standing and the motion must be

denied without reaching the motion's merits", Robertson v. Cartinhour, No. AW-09-3436, 2010 WL 716221, at *1 (D. Md. Feb 23, 2010)

Subpoenas must seek only information that is not "otherwise procurable by exercise of due diligence" and not overbroad. United States v. McDonald, 44 F. App'x 710, 711 (4th Cir 2011) (citing United States v. Nixon, 418 U.S., 683, 699-700 (1974)).  A subpoena is overbroad if it "does not limit the documents requested to subject matter relevant to the claims or defenses". In re Subpoena Duceus Tecum to AOL, LLC, 550 F. Supp 2d 606, 612 (E.D. Va. 2008)...(a request for "all copies of e-mails sent or received by anyone with no limitation as to time or scope" is usually overbroad). Id.

## A. Federal Rule of Civil Procedure 45

When a nonparty objects to a Rule 45subpoena, it may "file a motion to quash or modify the subpoena pursuant to Fed.R.Civ.P. 45(c)(3)(A), seek a protective order pursuant to Fed.R.Civ.P. 26(c), or . . . object to production of documents by opposing a motion to compel under Fed.R.Civ.P. 45(c)(2)(B)." *United States v. Star Scientific, Inc.,* 205 F.Supp.2d 482, 484 (D.Md. 2002) (citations omitted). A subpoena must be quashed or modified when it (1) does not allow a reasonable time to respond; (2) requires a nonparty to travel more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged matters; or (4) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A).

## B. Federal Rule of Civil procedure 26

In addition Plaintiff has a standing under FRCP 26 to challenge the subpoenas as irrelevant and overbroad. Singletary, 289 F.R.D. at 240n.2 (Additionally, the Court notes that plaintiffs have standing to challenge the subpoenas duces tecum under FRCP 26, regardless of whether they have standing to bring a motion to quash under FRCP 45); Sirpal V. Wang, No. WDQ-12-0365, 2012 WL 2880565, at *4n. 12 (D. Md. Jul. 12, 2012) ( Construing plaintiff's motion to quash as one for a protective order under FRCP 26 and using relevance and overbreadth to quash the subpoena at issue).

The scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under FRCP 26. Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012)(per curiam) ("Although FRCP 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed…those factors are co-extensive with the general rules governing all discovery that are set forth in FRCP 26"). "Thus, regardless of whether the Court considers Plaintiff's Motion under FRCP 45 or FRCP 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b)." Singletary, 289 F.R.D. at 241.

Specifically, FRCP 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". FRCP 26(b)(1). Notably, the court "must limit the frequency or extent of discovery otherwise allowed by these rules "if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient,  less burdensome, or outside of the scope permitted by FRCP 26(b)(1)". FRCP 26(b)(2)(C). "As such, the Court may quash a subpoena duces tecum as overbroad if it does not limit the documents requested to those containing subject matter relevant to the underlying action." Singletary, 289 F.R.D. at 241 (quoting In re Subpoena Duces Tecumto AOL, LLC. 550 F. Supp. 2d 606, 612 (E.D. Va. 2008)).

FRCP Rule 26 also provides that the court may protect persons from annoyance, embarrassment, oppression or undue burden or expense. FRCP 26(c)(1). FRCP 45 requires the court to quash a subpoena that subjects a person to an undue burden. FRCP 45(d)(3)(A)(iv). The burden of proof is on the party objecting to the production. Finley v. Trent, 955 F. Supp. 642, 648 (N.D. W. Va. 1997)(citing Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va. 1992)).

This Court has also previously explained that to assess "[w]hether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv)" a court must review the "reasonableness of the subpoena," which requires "weighing a subpoena's benefits and burdens and considering whether the information is necessary and whether it is available from any other source." _Maxtena,_ 289 F.R.D. at 439 (citations omitted) (_see also Singletary,_ 289 F.R.D. at 241 (holding that when reviewing subpoenas, "the Court must limit the frequency or extent of discovery if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues") (citations omitted)).

## III. LEGAL ARGUMENT

Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the discovery allowed under Rule 26. Cook v. Howard, N0. 11-1601, 2012 WL 3634451, at *6 (4th Cir Aug 24, 2012)(per curiam) (Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed ...those factors are co-extensive with the general rules governing all discovery ...set forth in Rule 26".) Thus, regardless

of whether the Court considers the Plaintif's Motion under Rule 45 or Rule 26, the Court must review

Defendants' subpoenas under the relevancy standards set forth in Rule 26(b).

Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or

defense". Fed R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial, but it must

appear to be "reasonably calculated to lead to the discovery of admissible evidence" Id. Notably, the

Court "must limit the frequency or extent of discovery" if the burden or expense of the proposed

discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the

parties' resources, the importance of the issues at stake in the action, and the importance of discovery

in resolving the issues." Id. At 26(b)(2)(C).

Therefore the Plaintiff asserts that the binding precedence of this Court and the 4th Circuit dictates that

it must quash a subpoena duces tecum as overbroad if it does not limit the documents requested to

those containing subject matter relevant to the underlying claims and/or action .

In addition , as it pertains to issuing an order to protect a party or person from annoyance,

embarrassment, oppression or undue burden or expense, the binding precedence of this Court and the

4th Circuit demonstrates that, in accordance with Fed. R. Civ. P. 26 (c)(1),  for good cause the disclosure

or discovery of the material at issue may be forbidden.

## A. The Psychotherapist-Patient Privilege

Federal Rule of Evidence 501 states, "The common law—as interpreted by United States courts in the

light of reason and experience—governs a claim of privilege unless any of the following provides

otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court."

In *Jaffee v. Redmond,* the Supreme Court held that "communications between a licensed

psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled

disclosure under Rule 501. . . ." 518 U.S. 1, 15 (1996). The Court noted that "there is a general duty to give what testimony one is capable of giving, and . . . any exemptions which may exist are distinctly exceptional. . . ." *Id.* at 9 (internal quotation marks omitted). However, the Court recognized the psychotherapist-patient privilege because such a relationship "is rooted in the imperative need for confidence and trust." *Id.* at 10. The Court also rejected "the balancing component of the privilege implemented by . . . a small number of States," stating that "[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Id.* at 17. The Court found that it was "neither necessary nor feasible to delineate [the privilege's] full contours in a way that would govern all conceivable future questions in this area," but noted that it did "not doubt that there are situations in which the privilege must give way, for example, if a serious threat of harm to the patient or to others can be averted only by means of a disclosure by the therapist." *Id.* at 18 & n.19 (internal quotation marks omitted).

To assert the psychotherapist-patient privilege, "a party must show that the allegedly privileged communications were made (1) confidentially (2) between a licensed psychotherapist and her patient (3) in the course of diagnosis or treatment."*Richardson v. Sexual Assault/Spouse Abuse Res. Ctr., Inc.*, 764 F. Supp. 2d 736, 739 (D. Md. 2011) (internal quotation marks omitted). The Fourth Circuit has stated:

Like all testimonial or evidentiary privileges, the psychotherapist-patient privilege must be strictly construed. . . . [T]he holder of [a privilege] may waive the privilege either expressly or impliedly by a voluntary disclosure to a third party. . . . The burden rests on the person invoking the privilege to demonstrate its applicability, including the absence of any waiver of it.

**1. Waiver**

Psychotherapist-Patient privilege (Supreme Court standard 504) covers the privilege of a patient to prevent disclosure of confidential communications to psychotherapists. It discusses the scope of the privilege, including the persons and services thatare covered by the privilege and communications to which the applies.

The party asserting the psychotherapist –patient privilege has the burden of showing that the privilege applies. To do so, the proponent of the privilege must set forth facts sufficient to establish all the elements of the claimed privilege. Thus, the claimant must show that the communications at issue were made (1) in confidence (2)between the patient and the licensed psychologist (3) in the course of diagnosis and treatment.

Standard 504(b) general rule of privilege states that a patient has a privilege to refuse to disclose or prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment of his mental or emotional condition, including drug addiction, among himself, his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.

A party may waive the psychotherapist-patient privilege by placing his or her mental condition at issue.

Courts have taken different approaches in determining whether a party has placed his or her mental condition "in issue".

The narrow view, the broad view and the garden variety...this Court and the DC Circuit takes the garden variety view.

The Plaintiff has only asserted garden variety mental distress and revealed that she was diagnosed with PTSD in seeking accommodation from the Defendants' .

The Plaintiff's PTSD has been thrust into the litigation by the Defendants' months after Judicial Notice was taken and established uncontested.

The Plaintiff did not put her mental state at issue. She never alleged that the Defendants' conduct caused a psychological or mental injury." Further, Plaintiff did not "claim the Defendants' conduct caused him to seek professional treatment from a psychotherapist" and her complaint "does not even contain a claim of emotional distress."

The Plaintiff acknowledge in a deposition that he suffers from depression and he referred to "distress" and "frustration" in his complaints to the Defendants', the US Department of Education Office of Civil Rights and her Complaint filed with the Court. This Court, the 4th Circuit and the DC Circuit has stated that these assertions do not make an allegation of, much less a claim to recovery for, emotional distress. Ricks v. Abbott Laboratories Civ. No. WMN-00-1290, D. Md 2001. Koch v. Cox, 489 F.3d 384, 390-391 (D.C. Cir 2007). ( "[A} Plaintiff does not put his mental state at issue merely by acknowledging he suffers from depression, for which he is not seeking recompense; in the absence of a claim for recovery based upon injury to plaintiff's mental or emotional state, plaintiff waives privilege only by acts that " would waive the attorney- client privilege, such as basing his claim upon the psychotherapist's communications with him... or as, with the marital privilege, selectively disclos[ing ] part of a privileged communication in order to gain an advantage in litigation").

A communication is "confidential" if the patient does not intend it to be disclosed to third persons. The critical element is intent.Third parties may be present if they are participating in the the diagnosis and treatment of the patient under the direction of the psychotherapist. Supreme Court Standard 504(a)(3)

## 2. Judicial Notice

Federal Rule of Evidence 201discussess the effect of Judicial notice, the type of facts subject to judicial notice, when courts may or must take notice, a party's right to be heard, and jury instructions after judicial notice has been taken.

Judicial notice dispenses with formal proof. It is based on the assumption that certain information does not need to be proven by the introduction of evidence at trial. By taking judicial notice, the court establishes that information without the resort to evidentiary proof.

A court may take judicial notice of adjudicative facts. Adjudicative facts, as opposed to legislative facts, "are simply the facts of the particular case." Fed. R. Evid. 201(a) advisory committee's note. Legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id.* "[A]djudicative facts are facts about the parties and their activities, businesses, and properties; they usually answer the questions of who did what, where, when, how, why, and with what motive or intent. . . ." *Dashiell v. Meeks,* 913 A.2d 10, 26 n.6 (Md. 2006). Though a court may take judicial notice of adjudicative facts, the general rule "is that a court will not travel outside the record of the case before it in order to take notice of proceedings in another case, even between the same parties, and in the same court, unless the proceedings are put in evidence; and the rule is sometimes enforced with considerable strictness." *Id.* at 26 (internal quotation marks omitted) (citing *Morse v. Lewis,* 54 F.2d 1027, 1029 (4th Cir. 1932)). In rare cases, however, the court may, in its

discretion, judicially notice an adjudicative fact that is "not subject to reasonable dispute in that it is

either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b).   Rule 201 limits judicial notice to adjudicative facts, which must be not only relevant but

also not subject to reasonable dispute.

Fed R. Evid. Rule 201's basic purpose is to promote judicial convenience and economy.  The obvious cost

(in time, energy and money) of establishing adjudicative facts in an adversarial proceeding justifies

dispensing with the formal proof when the matter is not really disputable. Comment, The presently

Expanding Concept of Judicial Notice, 13 Vill. L. rev. 528, 541-546 (1968).  When there is no real issue of

fact, the right to trial by jury is not infringed by taking judicial notice in accordance with Fed. R. Evid.

Rule 201. Id.

The reason we require a determination on the record is that we think fair procedure in resolving

disputes of adjudicative facts calls for giving each party a chance to meet  in the appropriate fashion the

facts that come to the tribunal's attention, and the appropriate acts for meeting disputed adjudicative

facts includes rebuttal evidence, cross-examination, usually confrontation and argument (either written

or oral or both).

Under Fed R. Evid. Rule 201, a court may employ judicial notice in its ruling on various motions, including

the following: Discovery motions; motions to Dismiss. Webb v. Nolan, 361 F. Supp. 418, 420 (M.D. N.C.

1972), *aff'd*, 484 F.2d 1049 (4th Cir. 1973) ( on motion to dismiss for lack of jurisdiction, court considered

prior litigation by plaintiff in court); motions for judgment on the pleadings. (Bishop v. Byrne, 265 F.

Supp. 460, 464 (S.D. W. Va. 1967) ( in action against physician for negligence that required birth by

Caesarian section, court properly took judicial notice that pain and suffering could be inferred from

Caesarian, even though complaint failed to allege either cause of action); motions for judgment as a matter of law.

The effect of Judicial Notice in Civil Cases, in accordance to Fed R. Evid. bars contrary evidence after judicisl notice has been takenof an adjudicative fact, unchallenged or without objection. Fed R. evid. rule 201(f) directs that the jury be instructed in a civil case to accept the noticed fact as conclusive. Fed. R. Evid. 201(f). Allowing the jury to hear evidence would destroy some of the flexibility inherent in judicial notice procedure; a jury may hear only admissible evidence. Accordingly, it impossible for the jury to weigh the probative force of the evidence admitted against that considered by the judge but not admitted. Fed. R. Evid. 201(f) .

In civil cases, the court must instruct the jury "to accept the noticed fact as conclusive". Fed. R. Evid. 201(g).

Procedures other than judicial notice may be used to establish matters of facts as indisputable. A fact that is generally known or can be accurately and readily determined is an appropriate matter for either a stipulation (Fed. R. Civ. P. Rule 16) or a request to admit (Fed. R. Civ. P. Rule 36). Facts are also conclusively established by an allegation in a pleading that is expressly admitted in a responsive pleading or is not denied (Fed. R. Civ. P. 8(d)).

In its December 17, 2015 Court Order, granting the Defendants' Motion for a more Definite Statement, this Court took Judicial notice, conclusively established , the fact that the Plaintiff was assaulted in May 2013; that the Plaintiff has PTSD; that the Defendants' expressly asserted that they did NOT have a problem with these facts.

## B. 14th Amendment Right to Privacy

Privacy right at issue was the Fourteenth Amendment's individual privacy right against compelled disclosure to the state. *Id.* at 604. n.32 Unlike the Fourth Amendment analysis where one either has or does not have a reasonable expectation of privacy in the places searched during a criminal investigation, the Fourteenth Amendment analysis either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *See Laney v. State,* 370 Md. 522, 546 (2004) (citing *Carter,* 525 U.S. 83, 88 (1998) (quoting *Rakas,* 439 U.S. at 143-44 n. 12)); *see also Wallace v. State,* 373 Md. 69 (2003) involves a balancing test in which courts weigh the individual's privacy interest against the rationale underlying the compelled disclosure of information to the government. *Id.* In *Whalen,* the court found that individuals had a Fourteenth Amendment privacy interest in health information but weighed this interest against the state's interest in monitoring and enforcing the laws against misuse of Schedule II drugs. *Id.* at 603. Because the statute mandated the capture of certain medical information but not necessarily the disclosure by the state of that information, the Court concluded that the statute did not "pose a sufficiently grievous threat to either interest to establish a constitutional violation." *Id.* at 603-04.


Because this Court believes that the better-reasoned cases segregate an individual's Fourteenth Amendment right to privacy —i.e. state actors who compel the disclosure of a patient's medical information— from an individual's Fourth Amendment reasonable expectation of privacy, this Court will employ a similar approach.

Some courts have found that individuals have a reasonable expectation of privacy in their medical records because state constitutions may create a constitutional right to privacy that extends to governmental searches of medical records and other confidential information voluntarily disclosed to third parties. *See King v. State,* 276 Ga. 126, 577 S.E.2d 764 (2003) (state constitutional right to privacy in

personal medical records means that if records are to be obtained by privacy, then person affected is to be given advance notice and opportunity to object, but such procedure is not necessary if records obtained pursuant to search warrant); *State v. Bilant*, 307 Mont. 113, 36 P.3d 883 (2001) (medical record information possessed by defendant's health care provider protected by guarantee of "informational privacy " in state constitution that is applicable in the Fourth Amendment context); *State v. Nelson*, 283 Mont. 231, 941 P.2d 441 (1997) (under state constitution, defendant had a protected privacy expectation in his medical records); *Skinner*, 10 So.3d at 1218 (same).

Although Maryland courts have articulated a "constitutional right to privacy " in connection with medical records, this right to privacy is understood in a Fourteenth Amendment/*Whalen* context—i.e. state actors who compel the disclosure of a patient's medical information, not officers who merely request the voluntary production of records held by a non-governmental third-party. *See e.g., Dr. K. v. State Board of Physician Quality Assurance,* 98 Md. App. 103 (1993),* cert. denied, 334 Md. 18, cert. denied, 513 U.S. 817 (1994). In such "compelled disclosure" cases, Maryland courts, just like the Court in *Whalen,* weigh a patient's constitutional right to be free from the compelled disclosure of private medical records against the state's interest in obtaining those records through an administrative process established by statute. *See Doe v. Maryland Board of Social Work Examiners,* 384 Md. 161, 862 A.2d 996 (2004) (analyzing judicial actions to quash the subpoenas issued by the administrative agencies during the agency's investigations by balancing the privacy interest that patients have in their medical records with an administrative agency's need for such records); *Dr. K.,* 98 Md. App. at 115 (noting that in balancing the patient's privacy interest and the agency's need for the record, the court should consider "the type of record requested, the information it contains, the potential for harm in subsequent nonconsensual disclosure, the injury in disclosure to the relationship for

which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the government's need for access, and whether there is an express statutory mandate, articulate[d] public policy, or other public interest militating towards access."). Thus, the Fourteenth Amendment privacy interest incorporated into Maryland's constitution

## C. Americans with Disabilities Confidentiality

As specified in 42 U.S.C. § 12112(d)(4)(B)., Whether an employer has made an "inquiry" into an employee's medical condition, such that the information then revealed by the employee falls within the scope of protection under the ADA, has been the subject of discussion in several cases. In Doe *v. United States Postal Service,* 317 F.3d 339 (D.C.Cir.2003), in which the plaintiff's claim arose under the Rehabilitation Act but involved the same provisions at issue here, the court examined whether the employee's disclosure was the result of an employer's inquiry. Doe's supervisor at the Postal service told him in writing that he would face disciplinary 933*933 proceedings unless he completed either the FMLA form or a medical certificate explaining "the nature of [his] illness." *Id.* at 344. Doe completed and submitted the form, thereby disclosing his HIV status, and the supervisor then disclosed the plaintiff's HIV status to others. The court found that even though Doe submitted the FMLA request voluntarily, that did not mean that he volunteered his medical diagnosis. *Id.* Rather, by conditioning Doe's receipt of FMLA leave on his submission of medical documentation, it was the Postal Service that initiated the inquiry into Doe's medical condition. *Id* Summarized, courts have allowed claims of illegal disclosure of confidential medical information to proceed to a jury when there are facts in the record demonstrating that a supervisor probed an employee for medical information or conditioned the employee's job accommodation or medical leave on the employee's provision of medical information to the supervisor.

Medical records generated at COPE Incorporated, PFC Associates and Psych Experts where compelled ordered, orally and in writing by the Plaintiff's former employer, the DC Government in assessment of

her abilities to perform the essential functions of her job and are subject to the confidentiality requirements of the ADA.

## IV. Relief

The Plaintiff seeks the relief of the Court to Quash of the Defendants' third party subpoena and the issuance of a protective Order regarding all future subpoena regarding the Plaintiff's medical records.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court grants the Plaintiff's Motion to Quash the Defendants' Subpoena to COPE Incorporated.

WHEREFORE, Plaintiff respectfully requests that the Plaintiff's Motion to Quash the Defendants' Subpoena to PFC AssociatesIncorporated be GRANTED.

Dated: June 13, 2016                                    Respectfully Submitted

Nicole Rena McCrea
Pro Se
5205 East Capitol St., SE
Washington, DC 20019
E-mail: nic_mack@yahoo .com
202-491-9656

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NICOLE RENA MCCREA,

      Plaintiff,

v.                               Civil Action No.: JKB-15-0579.

JOHNS HOPKINS

UNIVERSITIES, et al.

      Defendants,

# Certificate of Service

I, Nicole Rena McCrea, hereby certify that on June 13, 2016, a copy of Plaintiff's Motion to Quash the

Subpoena served on PFC Associates, LLC  was sent to the Defendants', The Johns Hopkins University,

Dexter Smith and Eileen Haase, served, via United States Postal Service, regular mail, and the parties

listed below.

                                            *Nicole Rena McCrea, Pro Se*

                                            5205 East Capitol St., SE

                                            Washington, DC 20019

                                            202/491-9656

                                            nic_mack@yahoo.com

County of *Charles*
State of Maryland
Sworn to and subscribed before me this *13*
day of *June 2016*
Witness my hand and Official Seal
*Teresa A Cory* Notary Public

TERESA A CORY
Notary Public
Prince Georges County
Maryland
My Commission Expires May 9, 2017

Elena D. Marcuss
McGuire Woods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202


Adam T. Simons
McGuire Woods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202


Mark B. Rotenberg
The Johns Hopkins Universities
113 Garland Hall
3400 N. Charles St.,
Baltimore, Md 21218


Terri L. Turner
The Johns Hopkins Universities
113 Garland Hall
3400 N. Charles St.,
Baltimore, Md 21218


Dexter Smith
Dorsey Student Services Center
Johns Hopkins University
6810 Deerpath Road, Suite 100
Elkridge, Md 21075


Eileen Haase
Dorsey Student Services Center
Johns Hopkins University
6810 Deerpath Road, Suite 100
Elkridge, Md 21075

McGuireWoods LLP
7 Saint Paul Street
Suite 1000
Baltimore, MD 21202-1671
Tel 410.659.4400
Fax 410.659.4599
www.mcguirewoods.com

Adam T. Simons
Direct: 410.659.4417

asimons@mcguirewoods.com
Fax: 410.659.4484

# McGuireWoods

May 13, 2016

**VIA FEDERAL EXPRESS**

PFC Associates LLC
D.C. Police & Fire Clinic
920 Varnum Street, N.E.
Washington, DC 20017

> **Re:**   **Nicole Rena McCrea v. Johns Hopkins Universities, et al.**
> **Case No. 11:15-cv-00579-JKB (D.Md.)**

To Whom It May Concern:

We represent the Johns Hopkins University, Dr. Eileen Haase, and Dr. Dexter Smith in a discrimination lawsuit brought against it by Nicole Rena McCrea in the United States District Court for the District of Maryland. At issue in the case is Ms. McCrea's alleged disability as well as her claim for damages.

Enclosed please find a Notice to Nicole R. McCrea and a Subpoena to Produce Documents, Information, or Objects commanding you to copy and produce all medical records in your possession or control pertaining to Nicole Rena McCrea from January 1, 2013 to date.

The subpoena asks that you produce the records in person at my office on June 16, 2016 at 10:00 a.m. If you inform me on or before June 13, 2016 that you will produce the requested documents in a timely manner along with the enclosed Certificate of Authenticity, then it will not be necessary for you to appear personally on June 16, 2016.

Please include an invoice for any copying and postage costs that you incur in complying with the authorization and subpoena so that we can promptly reimburse you. Thank you for your attention to the foregoing.

Very truly yours,

Adam T. Simons
Attorney for Defendants

Enclosures

[ATTACHMENT A]

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Maryland

| | |
|---|---|
| Nicole Rena McCrea | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   1:15-cv-00579-JKB |
| Johns Hopkins Universities, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Custodian of Records, PFC Associates LLC / D.C. Police & Fire Clinic,
920 Varnum Street, N.E., Washington, D.C.  20017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: McGuireWoods LLP | Date and Time: |
|---|---|
| 7 St. Paul Street, Suite 1000 | |
| Baltimore, Maryland 21201 | 06/16/2016 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/13/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   ___Defendants___
Johns Hopkins University, Dr. Eileen Haase, Dr. Dexter Smith_____ , who issues or requests this subpoena, are:

Adam T. Simons, McGuireWoods LLP, 7 St. Paul Street, Suite 1000, Baltimore, Maryland 21201, 410-659-4417

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:15-cv-00579-JKB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Custodian of Records

on *(date)*   05/13/2016   .

☑ I served the subpoena by delivering a copy to the named person as follows:   via Federal Express to

Custodian of Records, PFC Associates LLC / D.C. Police & Fire Clinic, 920 Varnum Street, N.E.,

Washington, DC 20017                                    on *(date)*   05/13/2016   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $        0.00        for travel and $        0.00        for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:        05/13/2016

_____
*Server's signature*

Adam T. Simons, Attorney for Defendants
*Printed name and title*
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21201
410-659-4417, asimons@mcguirewoods.com
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

In accordance with the attached Subpoena to Produce Documents, Information, or Objects, you are hereby commanded to produce the following documents at the time, date, and location specified therein:

For the period of January 1, 2013 to present, any and all documents referring or relating to Nicole R. McCrea ("Plaintiff"), including but not limited to:

1.  Medical and/or healthcare records of Plaintiff.

2.  All notes concerning or relating to interviews or consultations with Plaintiff.

3.  All notes concerning or relating to discussions with Plaintiff.

4.  All notes concerning or relating to any treatment provided to Plaintiff.

5.  All notes concerning or relating to any diagnosis of Plaintiff including but not limited to her mental, emotional, or physical condition.

6.  All notes concerning or relating to any prognosis of Plaintiff including but not limited to her mental, emotional, or physical condition.

7.  All documents concerning or relating to Plaintiff's physical condition.

8.  All documents concerning or relating to Plaintiff's physiological condition.

9.  All documents concerning or relating to Plaintiff's mental condition.

10. All documents concerning or relating to Plaintiff's emotional condition.

11. All evaluations of Plaintiff's medical, mental, psychological, or physical condition, including, but not limited to, all test results, x-rays, diagnostic or psychological and neurological evaluations, or assessments.

12. All records or other documents in your possession received from any other healthcare professional regarding Plaintiff.

13. All prescriptions and all other related documents pertaining to Plaintiff.

14. All audio and/or video tape recordings concerning Plaintiff.

15. All pharmacy/prescription records including NDC numbers and drug information handouts/monographs concerning Plaintiff.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

NICOLE R. MCCREA,                         *

      Plaintiff,                           *

v.                                        *        Civil Action No.: 1:15-cv-00579-JKB

JOHNS HOPKINS                             *
  UNIVERSITIES, et al.
                                          *
      Defendants.                          *

*     *     *     *     *     *     *     *     *     *     *     *     *     *     *     *     *     *

### CERTIFICATE OF AUTHENTICITY

I hereby certify that the attached _____ pages are true, accurate, and correct copies of the complete records and files of Nicole Rena McCrea retained by or on behalf of PFC Associates LLC / D.C. Police & Fire Clinic pursuant to the Subpoena issued to and served on it.

I have read the above statement and, pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing statement is true and correct.

Executed this _____ day of _____, 2016.


                                               _____
                                               Signature


                                               _____
                                               Printed Name


                                               _____
                                               Title

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

NICOLE R. MCCREA,                        *

      Plaintiff,                         *

v.                                       *        Civil Action No.: 1:15-cv-00579-JKB

JOHNS HOPKINS                            *
   UNIVERSITIES, et al.
                                         *
      Defendants.
                                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 13, 2016, a copy of the foregoing Subpoena to Produce

Documents, Information, or Objects and the accompanying Exhibit A was served via first class

mail, postage prepaid on Nicole R. McCrea, 5205 East Capitol St, S.E., Washington, DC 20019.

 

                                 _____

                                   Adam T. Simons