IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NICOLE RENA MCCREA,

    Plaintiff,

v.                                                  Civil Action No.: JKB-15-0579

JOHNS HOPKINS

UNIVERSITIES, et al.

    Defendants,

# PLAINTIFF'S MOTION to QUASH the DEFENDANTS' SUBPOENA to DC FIRE AND EMERGENCY SERVICES

I, Nicole Rena McCrea, *Pro Se* Plaintiff, pursuant to Federal Rule of Civil Procedure 45 and

Federal Rule of Civil procedure 26 respectfully moves the United States District Court For The

District Of Maryland (Northern Division) ("Court") to Quash the Defendants', The Johns

Hopkins Universities, Dexter Smith and Eileen Haase ("Defendants") third party subpoena to dc

Fire and Emergency Medical Services.

## I. Background

On January 21, 2016 The Defendants': The Johns Hopkins Universities, Dexter Smith and Eileen

Haase ("Defendants") served the Plaintiff with the Defendants' First Set of Interrogatories and The

Defendants' First Set of Requests for Document Production.  On January 28, 2016 The Defendants' filed

their status report expressly asserting that they did not wish to appear before a United States

Magistrate Judge. On February 24, 2016 the Plaintiff submitted objections; partial responses with reservation to supplement when appropriate and asserted particularized privileges as pertaining to documents exempted from discovery, documents protected by: the privilege of confidentiality, the privilege of fact work product and the privilege of opinion work product, to the Defendants' First Set of Interrogatories and The Defendants' First Set of Requests for Document Production. On March 17, 2016 the Defendants' submitted to the Plaintiff a statement pertaining to the Defendants' issues with the Plaintiff's Objections and Responses to the Defendants' First Set of Interrogatories and The Defendants' First Set of Requests for Document Production. On March 24, 2016 the Plaintiff sought and received the Defendants' permission to submit her response to the Defendants' issues with her objections, responses and assertions of privilege. On March 24, 2016 the Plaintiff submitted Plaintiff's Status report; expressly asserting her wish not to appear before a United States Magistrate Judge . On March 24, 2016 the Defendants' submit Defendants' Status Report re-asserting that they did not wish to appear before a United States Magistrate Judge. On March 31, 2016 the Plaintiff sought leave, documented via e-mail, from the Defendants' to extend the deadline April 01, 2016 to due to technical difficulties with her flash drive. The Defendants' acknowledged the Plaintiff's request and granted the extension. On April 01, 2016 at 11:01 pm the Plaintiff served the Plaintiff's response to the Defendants' issues on their attorneys of record via certified mail with electronic tracking Elena Marcuss' USPS tracking number, 9502 8000 3402 6092 0002 91 and Adam Simons' USPS tracking number, 9502 8000 3402 6092 0003 07. On April 07, 2016 the Defendants' filed a Request for Court Conference Regarding Discovery Dispute. On April 07, 2016 Judge James K. Bredar entered a paperless order for a discovery hearing scheduled for April 15, 2016 at 2:00pm. On April 12, 2016 Judge James K. Bredar VACATED his April 07, 2016 paperless order and rescheduled the discovery hearing, to April 25, 2016. On April 20, 2016 Judge James K. Bredar VACATED his April 12, 2016, Court Order and rescheduled the discovery hearing, once again, to April 29, 2016 at 3:00pm. On April 25, 2016 Judge James K. Bredar VACATED his April 20, 2016, Court Order and

rescheduled the discovery hearing, once again, to April 29, 2016 at 1:15pm. On April 29, 2016 Judge

James K. Bredar VACATED his April 25, 2016, Court Order and rescheduled the discovery hearing, once

again, to May 10, 2016 at 1:15pm. On May 10, 2016 Judge James K. Bredar disregarded both the

Plaintiff and the Defendant's expressed written refusal to appear before a United States Magistrate

Judge. On May 11, 2016, in disregard to both the Plaintiff and the Defendant's expressed written refusal

to appear before a United States Magistrate Judge, Judge James K. Bredar docketed his Order referring

the case to a United States Magistrate Judge for all discovery and related scheduling matter. On May

13, 2016 Defendants served four subpoenas. On May 18, 2016, United States Magistrate Judge Beth P.

Gesner docketed her Order to appear on May 26, 2016 for a conference call; expressing, sua sponte,

judicial notice of adjudicative facts. On May 25, 2016 Plaintiff filed Plaintiff's Request to be heard in

Response to Sua Sponte Judicial Notice of Adjudicative Facts. On May 26, 2016, Plaintiff filed Plaintiff's

Amended Request to be heard in Response to Sua Sponte Judicial Notice of Adjudicative Facts. On May

26, 2016, During the Teleconference, Judge Gesner acknowledged both of Plaintiff's Requests to be

heard and stated that she would get that opportunity; that she would assess the Defendants' relevancy

assertions and the Plaintiff's privilege assertions; Defendant acknowledged that many of his request

were too broad or "that's not what he meant when he requested". On May 27, 2016 Judge Beth P.

Gesner docketed her Order; that the Plaintiff produces and/or complies with all of the Defendants'

requests in Interrogatories and document production as is, citing Plaintiff's responses as " incomplete

and evasive; did not address the Plaintiff's asserted privileges and did not make a definitive decision on

Plaintiff Request to be Heard". On June 03, 2016, the Defendants' served three new subpoenas. On June

06, 2016, the Defendants' filed their "Motion to Stay Deadline for Defendants' Rule 26(a)(2)

Disclosures". On June 10, 2016, The Plaintiff filed Plaintiff's Objections to and Motion for

Reconsideration of the May 27, 2016 Court Order, citing specific objections, to the District Judge as per

Federal Rule of Civil Procedure 72(b)(2), with regards to the Magistrate Judge's failure to meet the

mandated obligations of Federal Rules of Evidence in making her findings and Order. On June 13, 2016

the Plaintiff filed Motions to Quash the Defendants' Subpoenas to: Cope Incorporated, PFC Associates,

Psych Experts, DC Fire and Emergency Medical Services. On June 14, 2016, Magistrate Judge Gesner,

without articulating the specific judicial instructions that gave her the jurisdiction to resolve the asserted

objection (Federal Rule of Civil Procedure Rule 72(b)(3)) instructed the Defendants' not to respond to

the Plaintiff's Objections to and Motion for Reconsideration of the May 27, 2016 Court Order; denied

Plaintiff's Objections to and Motion for Reconsideration of the May 27, 2016 Court Order, expressly

disregarding the Plaintiff's specific and asserted objections to the glaring lack of mandated and requisite

findings as pertaining to assertions of privilege in favor of the Defendants' stance on relevance, evasively

lamenting the general obligations of each party; and Magistrate Judge Gesner concluded her denial,

with an expressed threat to sanction and dismiss the Plaintiff Complaint, reiterations of the animated

and oft repeated sentiments of Judge Bredar at the May 10, 2016 Motion Hearing.

## II. Grounds

A party does not have standing to challenge a subpoena issued to a third party "unless the party claims

some personal right or privilege in the information sought by the subpoena". U.S. v. Idema, 118 Fed

App'x 740, 744 (4th Cir. 2005) "Absent this showing, the party lacks standing and the motion must be

denied without reaching the motion's merits", Robertson v. Cartinhour, No. AW-09-3436, 2010 WL

716221, at *1 (D. Md. Feb 23, 2010)

Subpoenas must seek only information that is not "otherwise procurable by exercise of due diligence"

and not overbroad. United States v. McDonald, 44 F. App'x 710, 711 (4th Cir 2011) (citing United States

v. Nixon, 418 U.S., 683, 699-700 (1974)). A subpoena is overbroad if it "does not limit the documents

requested to subject matter relevant to the claims or defenses". In re Subpoena Duceus Tecum to AOL,

LLC, 550 F. Supp 2d 606, 612 (E.D. Va. 2008)...(a request for "all copies of e-mails sent or received by anyone with no limitation as to time or scope" is usually overbroad). Id.

## A. Federal Rule of Civil Procedure 45

When a nonparty objects to a Rule 45subpoena, it may "file a motion to quash or modify the subpoena pursuant to Fed.R.Civ.P. 45(c)(3)(A), seek a protective order pursuant to Fed.R.Civ.P. 26(c), or . . . object to production of documents by opposing a motion to compel under Fed.R.Civ.P. 45(c)(2)(B)." *United States v. Star Scientific, Inc., 205 F.Supp.2d 482, 484 (D.Md. 2002)* (citations omitted). A subpoena must be quashed or modified when it (1) does not allow a reasonable time to respond; (2) requires a nonparty to travel more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged matters; or (4) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A).

## B. Federal Rule of Civil procedure 26

In addition Plaintiff has a standing under FRCP 26 to challenge the subpoenas as irrelevant and overbroad. Singletary, 289 F.R.D. at 240n.2 (Additionally, the Court notes that plaintiffs have standing to challenge the subpoenas duces tecum under FRCP 26, regardless of whether they have standing to bring a motion to quash under FRCP 45); Sirpal V. Wang, No. WDQ-12-0365, 2012 WL 2880565, at *4n. 12 (D. Md. Jul. 12, 2012) ( Construing plaintiff's motion to quash as one for a protective order under FRCP 26 and using relevance and overbreadth to quash the subpoena at issue).

The scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under FRCP 26. Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012)(per curiam) ("Although FRCP 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed...those factors are co-extensive with the general rules governing all discovery that are set forth in FRCP 26"). "Thus,

regardless of whether the Court considers Plaintiff's Motion under FRCP 45 or FRCP 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b)." Singletary, 289 F.R.D. at 241.

Specifically, FRCP 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". FRCP 26(b)(1). Notably, the court "must limit the frequency or extent of discovery otherwise allowed by these rules "if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or outside of the scope permitted by FRCP 26(b)(1)". FRCP 26(b)(2)(C). "As such, the Court may quash a subpoena duces tecum as overbroad if it does not limit the documents requested to those containing subject matter relevant to the underlying action." Singletary, 289 F.R.D. at 241 (quoting In re Subpoena Duces Tecumto AOL, LLC. 550 F. Supp. 2d 606, 612 (E.D. Va. 2008)).

FRCP Rule 26 also provides that the court may protect persons from annoyance, embarrassment, oppression or undue burden or expense. FRCP 26(c)(1). FRCP 45 requires the court to quash a subpoena that subjects a person to an undue burden. FRCP 45(d)(3)(A)(iv). The burden of proof is on the party objecting to the production. Finley v. Trent, 955 F. Supp. 642, 648 (N.D. W. Va. 1997)(citing Castle v. Jallah, 142 F.R.D. 618, 620 (e.D. Va. 1992)).

This Court has also previously explained that to assess "[w]hether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv)" a court must review the "reasonableness of the subpoena," which requires "weighing a subpoena's benefits and burdens and considering whether the information is necessary and whether it is available from any other source." *Maxtena,* 289 F.R.D. at 439 (citations omitted) (*see also Singletary,* 289 F.R.D. at 241 (holding that when reviewing subpoenas,

"the Court must limit the frequency or extent of discovery if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues") (citations omitted)).

## III. LEGAL ARGUMENT

Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena.  However, the scope of discovery allowed under a subpoena is the same as the discovery allowed under Rule 26.  Cook v. Howard, N0. 11-1601, 2012 WL 3634451, at *6 (4th Cir Aug 24, 2012)(per curiam) (Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed …those factors are co-extensive with the general rules governing all discovery …set forth in Rule 26".)  Thus, regardless of whether the Court considers the Plaintif's Motion under Rule 45 or Rule 26, the Court must review Defendants' subpoenas under the relevancy standards set forth in Rule 26(b).

Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense".  Fed R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial, but it must appear to be "reasonably calculated to lead to the discovery of admissible evidence" Id.  Notably, the Court "must limit the frequency or extent of discovery" if the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Id. At 26(b)(2)(C).

Therefore the Plaintiff asserts that the binding precedence of this Court and the 4th Circuit dictates that it must quash a subpoena duces tecum as overbroad if it does not limit the documents requested to those containing subject matter relevant to the underlying claims and/or action .

In addition , as it pertains to issuing an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, the binding precedence of this Court and the 4th Circuit demonstrates that, in accordance with Fed. R. Civ. P. 26 (c)(1), for good cause the disclosure or discovery of the material at issue may be forbidden.

Likewise , the binding precedence of this Court and the 4th Circuit, in accordance to Fed. R. Civ. P. 45(c)(3), has been exercised by this Court to quash a subpoena that "subjects a person to an undue burden" . Cook, 2012 WL 3634451, at *6n.7. Expressly asserting that, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." In re Subpoena Duces Tecum., 550 F. Supp. 2d at 612.

The Plaintiff asserts that the Defendants' subpoenas duces tecum are overbroad and not tailored to a particular purpose or relevant information. Allowing the Defendants' to search wholesale through the Plaintiff's previous employment records has little to no bearing on the ultimate legal questions of claims, defenses and/or actions of this case. The Defendants' subpoenas command the production of "[t]he complete employment file of the Plaintiff... omitting nothing" .

The Plaintiff asserts that compliance with these subpoenas could lead to the production of medical information, social security numbers, payroll information, income tax information, information about family members, and other documents completely extraneous to this litigation. Binding precedence of this Court and the 4th Circuit have found subpoenas seeking the entire employment file of a party, not limited to seeking only those documents relevant to the claims, defenses or actions of the case, were overly broad on their face... should be quashed. Cook, 2012 WL 3634451, at *6 ("the requests have every indica of the quintessential fishing expedition.")

The Defendants' request seeking "any and all" documents related to the Plaintiff's employment has the potential to generate intrusive information that is not relevant to the action before this Court.

Singletary v. Sterling Transport Co., 289 F.R.D. 237, 241-42 (E.D. Va 2012) (finding that subpoenas seeking the plaintiff's entire employment file from former employers, which was "not limited to seeking only those [non-privileged] documents relevant" to his claims were "overly broad on their face"); Premer v. Corestaff Servs., LP., 232 F.R.D. 692,693 (M.D. Fla. 2005) ( finding subpoenas issued to former employers seeking plaintiff's entire personnel and benefit files, records relating to her hiring, termination, performance, any disciplinary action received by her in the course of her employment, compensation, and benefits, on its face, are overbroad and not reasonably calculated to lead to the discovery of admissible evidence"). The Plaintiff further asserts that this information is not relevant to this case

The Defendants' subpoenas duces tecum should be quashed and/or limited in scope because, on their face, they are overbroad, irrelevant, and disproportional to the needs of the legal claims and/or actions of the case. The Defendants' subpoenas are not tailored to seek relevant information in this action. Specifically they command production of the Plaintiff's "entire personnel file" including "any other tangible documents or things that relate to her employment...regardless of the ...content".

**[ATTACHMENT A]**. "Such subpoenas could lead to the production of medical information, social security numbers, payroll information, income tax information, information about family members, and other documents completely extraneous to this litigation" Singletary, 289 F.R.D. at 241; Peters v. Baltimore City Bd of Sch. Comm'rs. No. WMN-13-3114, 2014 WL 4187307, at*5 (D.Md Aug 21, 2014) (finding that, in quashing defendant's third party subpoena, "[d]efendant's request, by seeking 'any and all' documents related to plaintiff's employment has the potential to uncover intrusive information that is not relevant to the present action"). Accordingly, Plaintiff asserts that the subpoenas, in their current form, seek undiscoverable information and are overbroad.

## IV. Relief

The Plaintiff seeks the relief of the Court to Quash of the Defendants' third party subpoena and the issuance of a protective Order regarding all future subpoena regarding the Plaintiff's employment records.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court grants the Plaintiff's Motion to Quash the Defendants' Subpoena to the DC Fire and Emergency Medical Services.

WHEREFORE, Plaintiff respectfully requests that the Plaintiff's Motion to Quash the Defendants' Subpoena to the DC Fire and Emergency Medical Services  be GRANTED.

Dated: July 01, 2016                                          Respectfully Submitted

Nicole Rena McCrea
*Pro Se*
5205 East Capitol St., SE
Washington, DC 20019
E-mail: nic_mack@yahoo .com
202-491-9656

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NICOLE RENA MCCREA,

     Plaintiff,

v.                                 Civil Action No.: JKB-15-0579.

JOHNS HOPKINS

UNIVERSITIES, et al.

     Defendants,

## __Certificate of Service__

I, Nicole Rena McCrea, hereby certify that on July 01, 2016, a copy of Plaintiff's Motion to Quash the

Subpoena  served on DC Fire and Emergency Medical Services Department was sent to the Defendants',

The Johns Hopkins University, Dexter Smith and Eileen Haase, served, via United States Postal Service,

regular mail, and the parties listed below.

Katrina L. Wright.
NOTARY PUBLIC
Anne Arundel County, State of Maryland.
My Commission Expires: March 3, 2017

Nicole Rena McCrea, *Pro Se*
5205 East Capitol St., SE
Washington, DC 20019
202/491-9656
nic_mack@yahoo.com

Elena D. Marcuss
McGuire Woods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202


Adam T. Simons
McGuire Woods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202


Mark B. Rotenberg
The Johns Hopkins Universities
113 Garland Hall
3400 N. Charles St.,
Baltimore, Md 21218


Terri L. Turner
The Johns Hopkins Universities
113 Garland Hall
3400 N. Charles St.,
Baltimore, Md 21218


Dexter Smith
Dorsey Student Services Center
Johns Hopkins University
6810 Deerpath Road, Suite 100
Elkridge, Md 21075


Eileen Haase
Dorsey Student Services Center
Johns Hopkins University
6810 Deerpath Road, Suite 100
Elkridge, Md 21075

**McGuireWoods LLP**
7 Saint Paul Street
Suite 1000
Baltimore, MD 21202-1671
Tel 410.659.4400
Fax 410.659.4599
www.mcguirewoods.com

Adam T. Simons
Direct: 410.659.4417

## McGuireWoods

asimons@mcguirewoods.com
Fax: 410.659.4484

June 3, 2016

Nicole McCrea
5205 East Capitol St., S.E.
Washington, DC  20019

Re:   Nicole R. McCrea v. Johns Hopkins Universities, et al.
        Case No.:  1:15-cv-000579-JKB

Dear Ms. McCrea,

The subpoena sent to the DC Fire and Emergency Medical Services Department on May 13, 2016 was returned to me unserved.  I am resending a new subpoena today and am enclosing a copy for your records.

Very truly yours,

Adam T. Simons

ATS/dmt
Enclosure

[ ATTACHMENT A]

**McGuireWoods LLP**
7 Saint Paul Street
Suite 1000
Baltimore, MD 21202-1671
Tel 410.659.4400
Fax 410.659.4599
www.mcguirewoods.com

Adam T. Simons
Direct: 410.659.4417

asimons@mcguirewoods.com
Fax: 410.659.4484

# McGUIREWOODS

June 3, 2016

**VIA FEDERAL EXPRESS**

The DC Fire and Emergency Medical Services Department
Human Resources Division,
2000 14th St NW Suite 100-A
Washington, DC 20009

Re:     **Nicole Rena McCrea v. Johns Hopkins Universities, et al.**
          **Case No. 11:15-cv-00579-JKB (D.Md.)**

To Whom It May Concern:

We represent the Johns Hopkins University, Dr. Eileen Haase, and Dr. Dexter Smith in a discrimination lawsuit brought against it by Nicole Rena McCrea in the United States District Court for the District of Maryland.  One of the issues in this case is Ms. McCrea's alleged disability as well as her claim for damages.

Enclosed please find a Notice to Nicole R. McCrea and a Subpoenas Subpoena to Produce Documents, Information, or Objects commanding you to copy and produce employment records in your possession or control pertaining to Nicole Rena McCrea, including any employment records regarding any alleged disability claimed by Ms. McCrea.

The subpoena asks that you produce the records in person at my office on July 5, 2016 at 10:00 a.m.  If you inform me on or before June 30, 2016 that you will produce the requested documents in a timely manner, along with the enclosed Certificate of Authenticity, then it will not be necessary for you to appear personally on July 5, 2016.

Please include an invoice for any copying and postage costs that you incur in complying with the authorization and subpoena so that we can promptly reimburse you.  Thank you for your attention to the foregoing.

Very truly yours,

Adam T. Simons
Attorney for Defendants

Enclosures

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Maryland

| | |
|---|---|
| Nicole Rena McCrea<br>_____<br>*Plaintiff*<br>v.<br>Johns Hopkins Universities, et al.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   1:15-cv-00579-JKB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records, The DC Fire and Emergency Medical Services Department Human Resources Division
2000 14th St NW Suite 100-A, Washington, D.C. 20009

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: McGuireWoods LLP<br>  7 St. Paul Street, Suite 1000<br>  Baltimore, Maryland 21201 | Date and Time:<br>07/05/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/03/2016

| *CLERK OF COURT* | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendants
Johns Hopkins University, Dr. Eileen Haase, Dr. Dexter Smith_____, who issues or requests this subpoena, are:

Adam T. Simons, McGuireWoods LLP, 7 St. Paul Street, Suite 1000, Baltimore, Maryland 21201, 410-659-4417

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:15-cv-00579-JKB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Custodian of Records

on *(date)*    06/03/2016    .

☑ I served the subpoena by delivering a copy to the named person as follows:    via Federal Express to

Custodian of Records, The DC Fire and Emergency Medical Services Department Human Resources Division

2000 14th St NW Suite 100-A, Washington, D.C. 20009    on *(date)*    06/03/2016    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $    0.00    for travel and $    0.00    for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    06/03/2016

*Server's signature*

Adam T. Simons, Attorney for Defendants

*Printed name and title*
McGuireWoods LLP
7 St. Paul Street, Suite 1000
Baltimore, Maryland 21201
410-659-4417, asimons@mcguirewoods.com

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

In accordance with the attached *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action*, you are hereby commanded to produce the following documents at the time, date, and location specified therein:

Any and all documents referring or relating to Nicole Rena McCrea ("Plaintiff") Employee ID: 00010775, Position No. 00010676 , including but not limited to:

1) Plaintiff's entire personnel file or employment file maintained by the District of Columbia Fire and Emergency Medical Services Department;

2) All documents relating to Plaintiff's termination of her oyment or involuntary retirement;

3) All documents relating to any claim Plaintiff has made for disability benefits or workers' compensation;

4) All documents referring to any application for unemployment compensation by or on behalf of Plaintiff; and

5) All documents relating to any administrative proceedings concerning Plaintiff's employment, disability, or the termination of Plaintiff's employment, including but not limited to any charges of discrimination or retaliation filed by Plaintiff with the District of Columbia Fire and Emergency Medical Services Department, District of Columbia Office of Civil Rights, and/or the Equal Employment Opportunity Commission.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| NICOLE R. MCCREA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:15-cv-00579-JKB |
| JOHNS HOPKINS UNIVERSITIES, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE OF AUTHENTICITY

I hereby certify that the attached _____ pages are true, accurate, and correct copies of the complete records and files of Nicole Rena McCrea retained by or on behalf of DC Fire and Emergency Medical Services Department pursuant to the Subpoena issued to and served on it.

I have read the above statement and, pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing statement is true and correct.

Executed this \_\_\_\_\_ day of _____, 2016.


_____
Signature


_____
Printed Name


_____
Title

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NICOLE R. MCCREA,                          *

     Plaintiff,                              *

v.                                         *        Civil Action No.: 1:15-cv-00579-JKB

JOHNS HOPKINS                              *
  UNIVERSITIES, et al.
                                           *
     Defendants.
                                           *

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, a copy of the foregoing Subpoena to Produce

Documents, Information, or Objects and the accompanying Exhibit A was served via first class

mail, postage prepaid on Nicole R. McCrea, 5205 East Capitol St, S.E., Washington, DC 20019.


_____
Adam T. Simons