IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICOLE R. MCCREA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:15-cv-00579-JKB |
| JOHNS HOPKINS UNIVERSITIES, et al. | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' CONSOLIDATED OPPOSITION
TO PLAINTIFF'S MOTIONS TO QUASH SUBPOENAS**

Defendants The Johns Hopkins University (the "University"), Dr. Dexter Smith, and Dr. Eileen Haase (collectively "Defendants"), through undersigned counsel, submit this consolidated opposition to Plaintiff's Motions to Quash the subpoenas they issued to the District of Columbia Fire and Emergency Medical Services Department Human Resources Division, Dr. Carla Rhodes, and Mr. Syed Kamran. (Doc. Nos. 48 to 50.) For the following reasons, the Court should deny Plaintiff's Motions to Quash, and order the production of the information requested in the subpoena to Dr. Carla Rhodes.

**BACKGROUND**

This is Plaintiff's second set of Motions to Quash subpoenas that Defendants issued in this case. It further exemplifies Plaintiff's obstructive behavior in response to Defendants' use of standard discovery requests and mechanisms to obtain information relevant to her claims and their defenses.

Plaintiff's first set of Motions to Quash (Doc. Nos. 40 to 43), filed on June 13, 2016, sought to quash Defendants' subpoenas to PFC Associates, LLC, COPE, Inc., PsychExperts & Associates, Inc., and the District of Columbia Fire and Emergency Medical Services Department Human Resources Division ("DCFEMS"). As Defendants explained in their Consolidated Opposition to Plaintiff's Motions to Quash Subpoenas and Memorandum in Support of Defendants' Motion For An Order To Produce Subpoenaed Medical Records (Doc. No. 47, "First Consolidated Opposition"), Plaintiff's motions did not present any basis upon which to quash Defendants' subpoenas. Defendants explained that they withdrew their subpoena to the DCFEMS, and that the medical and mental health records sought in the subpoenas to Plaintiff's healthcare providers are relevant to her disability discrimination claims and are not subject to any privilege that Plaintiff claimed.

Now, Plaintiff moves to quash Defendants' subpoenas to Mr. Syed Kamran and Dr. Carla Rhodes, and again moves to quash the subpoena to DCFEMS. Plaintiff asserts the same arguments she asserted in her first set of Motion to Quash and, as with her first set, the instant Motions are either moot or do not present a basis upon which to quash Defendants' subpoenas.

## LEGAL ANALYSIS

**I.    Defendants have withdrawn the subpoena to District of Columbia Fire and Emergency Medical Services Department Human Resources Division.**

On May 28, 2016, Defendants issued a subpoena to the DCFEMS. This subpoena was returned unserved. On June 3, 2016, Defendants reissued the subpoena. Plaintiff's first set of Motions to Quash appended the May 28 version of the subpoena, and her latest Motion to Quash (Doc. No. 48), seeks an order to quash the June 3 version of the subpoena.

As Defendants explained in footnote 1 of their First Consolidated Opposition (well after the issuance of both versions), they have withdrawn the subpoena to DCFEMS:

>Defendants withdraw the subpoena to District of Columbia Fire and Emergency Medical Services Department Human Resources Division requesting Plaintiff's employment records. The District of Columbia Fire and Emergency Medical Services Department Human Resources Division recently informed Defendants that it does not maintain Plaintiff's employment information, and that the requested information is held by the District of Columbia's central Human Resources office; therefore, Defendants will issue a new subpoena to the District of Columbia's central Human Resources office for information related to Plaintiff's disability and employment accommodations.

(Doc. No. 47-1, pg. 1, fn. 1). As a result, Plaintiff's request to quash this subpoena is moot.

Regardless, the information that Defendants seek is relevant to Plaintiff's claims, and on June 28, 2016, Defendants issued a subpoena to the District of Columbia Department of Human Resources seeking Plaintiff's employment records regarding any disabilities that Plaintiff claims during her employment and any accommodations that Plaintiff requested.[1] (*See* Exhibit A.) This information is relevant because Plaintiff has claimed that her disabilities arose from an incident that occurred during her employment, and the information sought is demonstrative of whether Plaintiff had a disability, when she was disabled, what (if any) accommodations she requested from her employer, and Plaintiff's claim for damages in this case. As Plaintiff has refused to provide any of the requested information in response to Defendant's discovery requests, Defendants have sought it from other sources.

## II. Defendants' subpoena to Mr. Kamran was not served, but seeks relevant information.

Plaintiff's challenge to the subpoena to Mr. Syed Kamran is also moot. Plaintiff identified Mr. Kamran in her Rule 26(a)(2) Disclosures as a potential witness in this matter. As

---

[1] The District of Columbia Department of Human Resources has informed undersigned counsel that it has compiled the requested documents and is ready to produce them. Undersigned counsel informed the Department to hold the documents pending resolution of Plaintiff's Motions.

a result, on June 3, 2016, Defendants issued a subpoena to Mr. Kamran at the address it located using a Google search and sent Plaintiff a copy. Ultimately, the subpoena was returned unserved. Upon further investigation, Defendants learned that Mr. Kamran is associated with PsychExperts & Associates, Inc. and, as a result, his records should be produced in response to Defendants' earlier subpoena. Consequently, Defendants did not pursue further attempts to serve the subpoena on Mr. Kamran individually, and Plaintiff's Motion to Quash that subpoena should be denied as moot.[2]

However, for the reasons stated in Defendant's First Consolidated Opposition, if it is necessary for Defendants to reissue the subpoena to Mr. Kamran, it should not be quashed. The information sought is identical to the information sought from Plaintiff's other medical providers and Defendants are entitled to it for the same reasons it articulated in response to Plaintiff's motions to quash those subpoenas (reiterated below in Section III).

**III.   Plaintiff's Motion to Quash the Subpoena to Dr. Carla Rhodes Should Be Denied.**

Plaintiff's Motion to Quash subpoena for medical records from Dr. Carla Rhodes is identical to those she previously filed to Defendants' subpoenas that sought medical records from PsychExperts & Associates, Inc., PFC Associates, LLC, and COPE, Inc. Accordingly, it should be denied for the same reasons Defendants argued in their First Consolidated Opposition.

First, the medical and mental health records Defendants seek are relevant to Plaintiff's disability discrimination claims, including the existence or non-existence of Plaintiff's disability, the timing of Plaintiff's diagnosis, and Plaintiff's need for an accommodation. *See Testerman v. Procter & Gamble Mfg. Co.*, No. CIV. CCB-13-3048, 2015 WL 151370, at *1 (D. Md., Jan. 9,

---

[2] Had Plaintiff attempted to confer with Defendants' counsel prior to filing the instant motions, the issue that she raises regarding Mr. Kamran could have been discussed and her motion avoided. *See* Local Rule 104.

2015). Second, because this information is relevant and Plaintiff has put her medical and mental health at issue through the assertion of disability discrimination claims, she has waived the psychotherapist/patient privilege and any other applicable privileges. *Vasconcellos v. Cybex Int'l, Inc.*, 962 F. Supp. 701, 708 (D. Md. 1997); *see also Fields v. W. Virginia State Police*, 264 F.R.D. 260, 264 (S.D. W.Va., 2010) ("[I]t is well-settled that a party who places his or her physical or mental health in issue waives privileges which pertain to the conditions in issue."); *Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996) ("In an action under the ADA, a plaintiff's medical history is relevant in its entirety.") And, finally, the Fourteenth Amendment does not apply and the Americans with Disabilities Act does not provide any basis upon which to quash Defendants' subpoena. *Whalen v. Roe*, 429 U.S. 589, 603-04 (1977); 29 C.F.R. §1630.14(b)(1).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motions to Quash and require that the records requested be disclosed.

Respectfully submitted,

    */s/ Adam T. Simons*
Elena D. Marcuss (Fed. Bar No. 25547)
Adam T. Simons (Fed. Bar No. 29357)
McGuireWoods LLP
7 Saint Paul Street, Suite 1000
Baltimore, MD 21202
Ph: 410-659-4417
Fax: 410-659-4484
emarcuss@mcguirewoods.com
asimons@mcguirewoods.com

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 12, 2016, a copy of the Defendant's Consolidated Opposition to Plaintiff's Motions to Quash was served via Fed Ex Ground and first class mail, postage prepaid on Nicole R. McCrea, 5205 East Capitol St, S.E., Washington, DC 20019.

                                                  */s/ Adam T. Simons*
                                                  Adam T. Simons