IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NICOLE RENA MCCREA,

Plaintiff,

v.                                                      Civil Action No.: JKB-15-0579.

JOHNS HOPKINS

UNIVERSITIES, et al.

Defendants,

# PLAINTIFF'S OPPOSITION to DEFENDANTS' MOTION FOR COURT ORDER TO PRODUCE SUBPOENAED MEDICAL RECORDS

I, Nicole Rena McCrea, *Pro Se* Plaintiff, pursuant to Federal Rule of Civil Procedure 45 and Federal Rule of Civil procedure 26 respectfully moves the United States District Court For The District Of Maryland (Northern Division) ("Court") to deny the Defendants', The Johns Hopkins Universities, Dexter Smith and Eileen Haase ("Defendants") Motion for Court Order to COPE Incorporated, PFC Associates and Psych Experts to produce subpoenaed medical records.

## I. Background

On January 21, 2016 The Defendants': The Johns Hopkins Universities, Dexter Smith and Eileen Haase ("Defendants") served the Plaintiff with the Defendants' First Set of Interrogatories and The Defendants' First Set of Requests for Document Production. On January 28, 2016 The Defendants' filed their status report expressly asserting that they did not wish to appear before a United States Magistrate Judge. On February 24, 2016 the Plaintiff submitted objections; partial responses with reservation to supplement when appropriate and asserted particularized privileges as pertaining to

product, to the Defendants' First Set of Interrogatories and The Defendants' First Set of Requests for Document Production. On March 17, 2016 the Defendants' submitted to the Plaintiff a statement pertaining to the Defendants' issues with the Plaintiff's Objections and Responses to the Defendants' First Set of Interrogatories and The Defendants' First Set of Requests for Document Production. On March 24, 2016 the Plaintiff sought and received the Defendants' permission to submit her response to the Defendants' issues with her objections, responses and assertions of privilege. On March 24, 2016 the Plaintiff submitted Plaintiff's Status report; expressly asserting her wish not to appear before a United States Magistrate Judge . On March 24, 2016 the Defendants' submit Defendants' Status Report re-asserting that they did not wish to appear before a United States Magistrate Judge. On March 31, 2016 the Plaintiff sought leave, documented via e-mail, from the Defendants' to extend the deadline April 01, 2016 to due to technical difficulties with her flash drive. The Defendants' acknowledged the Plaintiff's request and granted the extension. On May 13, 2016 Defendants served four subpoenas.

## II. Grounds

### A. Federal Rule of Civil Procedure 45

A subpoena must be quashed or modified when it (1) does not allow a reasonable time to respond; (2) requires a nonparty to travel more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged matters; or (4) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A).

### B. Federal Rule of Civil procedure 26

In addition Plaintiff has a standing under FRCP 26 to challenge the subpoenas as irrelevant and overbroad. Singletary, 289 F.R.D. at 240n.2 (Additionally, the Court notes that plaintiffs have standing to

challenge the subpoenas duces tecum under FRCP 26, regardless of whether they have standing to bring a motion to quash under FRCP 45); Sirpal V. Wang, No. WDQ-12-0365, 2012 WL 2880565, at *4n. 12 (D. Md. Jul. 12, 2012) ( Construing plaintiff's motion to quash as one for a protective order under FRCP 26 and using relevance and overbreadth to quash the subpoena at issue).

The scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under FRCP 26. Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012)(per curiam) ("Although FRCP 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed...those factors are co-extensive with the general rules governing all discovery that are set forth in FRCP 26"). "Thus, regardless of whether the Court considers Plaintiff's Motion under FRCP 45 or FRCP 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b)." Singletary, 289 F.R.D. at 241. Specifically, FRCP 26 provides that a party "may obtain discovery regarding any ***nonprivileged*** [emphasis added] matter that is relevant to any party's claim or defense and proportional to the needs of the case". FRCP 26(b)(1). FRCP Rule 26 also provides that the court may protect persons from annoyance, embarrassment, oppression or undue burden or expense. FRCP 26(c)(1). FRCP 45 requires the court to quash a subpoena that subjects a person to an undue burden. FRCP 45(d)(3)(A)(iv). The burden of proof is on the party objecting to the production. Finley v. Trent, 955 F. Supp. 642, 648 (N.D. W. Va. 1997)(citing Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va. 1992)).

This Court has also previously explained that to assess "[w]hether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv)" a court must review the "reasonableness of the subpoena," which requires "weighing a subpoena's benefits and burdens and considering whether the information is necessary and whether it is available from any other source." *Maxtena, 289 F.R.D. at 439* (citations omitted) (*see also Singletary, 289 F.R.D. at 241* (holding that when reviewing subpoenas, "the Court must limit the frequency or

extent of discovery if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues") (citations omitted)).

Plaintiff argues that "[t]o the extent that they seek any relevant material, Defendant's requests remain so overbroad, burdensome, duplicative, and/or overly intrusive that the Motion must be denied" given that the "Fourth Circuit has long recognized that although broad, the right to discovery is not unlimited and may be circumscribed Plaintiff contends that "discovery must be circumscribed where an individual's privacy and/or confidentiality interest are implicated" and that "even relevant information must be sheltered from discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". "Defendant cannot and does not show that its need for the [requested] discovery outweighs the countervailing privacy interests at stake . . . or that less intrusive means of obtaining relevant information are unavailable".

### III. Legal Argument

**A. The subpoenas seek information that is relevant to the threshold element of plaintiff's disability claims**

As the Defendant has stated "This information is clearly relevant to one of the central issues of this case: [they are seeking to establish] the existence or non-existence of a disability". The statutory requirements for showing disability are not disputed. Disability," as defined by the Americans with Disabilities Act, means a "physical or mental impairment that substantially limits one or more major life activities," 42 U.S.C. § 12102(1)(A). An individual has a disability under the ADA when she "(A) [has] a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) [has] a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1). A "major life activity" is in turn defined to include (1) basic tasks that are part of

everyday living, such as "caring for one-self, performing manual tasks, seeing, hearing, eating, sleeping, working, walking, standing, [and] lifting," 42 U.S.C. § 12102(2)(A) (providing a nonexhaustive list); and (2) the "operation of a major bodily function," *id.* § 12102(2)(B). In response to the Supreme Court's strict construction of this provision, which had indicated that a temporary impairment could not be a disability, *see Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198-99, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), Congress enacted the ADA Amendments Act of 2008, Pub.L. No. 110-325, 122 Stat. 3553. That Act provides that the term "disability" must be "construed in favor of broad coverage of individuals under [the ADA], to the maximum extent permitted by [the ADA]." 42 U.S.C. § 12102(4)(A). Overturning *Toyota,* the ADA Amendments Act also provides that "[a]n impairment that is *episodic* or *in remission* is a disability if it would substantially limit a major life activity *when active." Id.* § 12102(4)(D) (emphasis added).

The Plaintiff has satisfied and established all three prongs of the ADA's definition of disability. As the Plaintiff has asserted to the Defendants, twice, when seeking accommodations; in her complaint to the US Department of Education Office of Civil Rights and admitted in her answers to the Defendants' Interrogatories she was assaulted in May 2013, was diagnosed with Post-Traumatic Stress Disorder (PTSD) by several providers following the assault; was placed on sick leave by her employer because of their diagnosis of PTSD and was forced into involuntary disability retirement by her employer. The Plaintiff has supported these facts by her subsequent admissions to the Defendants' Interrogatories regarding civil actions, before the DC Office of Human Rights (DCOHR), the DC Court of Appeals (DCCoA) and the US District Court of the District of Columbia (USDCDC). The Plaintiff asserted that she has brought actions against her employer because of their discrimination against her when seeking accommodations because of their diagnosis of disability and/or being regarded as disable. The fact that the Plaintiff was forced into involuntary disability retirement from her place of employment establishes

the issue that Defendants correctly states is central to this case, the existence of a disability as defined by the three stipulations of the ADA.

Further, the Defendants' so called need to examine the Plaintiff's medical record to make its own assessment of disability is foreclosed by Jaffe. All evidentiary privileges are vexatious in their immediate impact since they impede the "search for the truth." It is for that reason that they are construed narrowly. *See Pierce County, Wash. v. Guillen,* 537 U.S. 129, 144-145, 123 S.Ct. 720, 154 L.Ed.2d 610 (2003); *University of Pennsylvania v. E.E.O.C.,* 493 U.S. 182, 189, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990); *Herbert v. Lando,* 441 U.S. 153, 175, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). But neither law nor life is governed, to borrow Toynbee's lambent phrase, by a "single supreme simplicity." There are values and deeply felt intuitions of public policy beyond the search for truth that must be weighed in the balance. One of the interests of transcendent importance is the mental health of the Nation's citizenry. To promote that vital public interest, the Supreme Court has recognized a psychotherapist-patient privilege in the federal courts. *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). And consistent with the importance attached to that vital public interest, the Court in *Jaffee* rejected any balancing test that would allow a judge, in determining questions of privilege, to weigh the privilege against the asserted need for the evidence.  The cases teach that a plaintiff in an ADA case does not forfeit his psychotherapist-patient privilege merely by asserting a physical "disability;" by seeking damages that do not include emotional damage.  It is only when a party puts his mental state in issue through some action of his own designed to advance his interests in the case. Nothing like that has occurred in this case.

**B. The Plaintiff has NOT waived applicable privilege nor has she put her disability at issue**
The Defendants have put the Plaintiff's disability at issue, opening a door that the Plaintiff has never sought nor asserted in her claims; she has never relied on any of her mental health records to establish

that she is a qualified individual . Psychotherapist-Patient privilege (Supreme Court standard 504) covers the privilege of a patient to prevent disclosure of confidential communications to psychotherapists. It discusses the scope of the privilege, including the persons and services that are covered by the privilege and communications to which the applies. The party asserting the psychotherapist –patient privilege has the burden of showing that the privilege applies. To do so, the proponent of the privilege must set forth facts sufficient to establish all the elements of the claimed privilege. Thus, the claimant must show that the communications at issue were made (1) in confidence (2)between the patient and the licensed psychologist (3) in the course of diagnosis and treatment.

Standard 504(b) general rule of privilege states that a patient has a privilege to refuse to disclose or prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment of his mental or emotional condition, including drug addiction, among himself, his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. A party may waive the psychotherapist-patient privilege by placing his or her mental condition at issue. Courts have taken different approaches in determining whether a party has placed his or her mental condition "in issue".

The narrow view, the broad view and the garden variety...this Court and the DC Circuit takes the garden variety view. The ADA prohibits discrimination against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish disability discrimination, the Plaintiff must demonstrate that (1) she had a disability as defined in the ADA; (2) she was a "qualified individual," ; she was subsequently readmitted to the Defendants program when she filed her complaint with the USDOEOCR; and (3) Defendants took an adverse action against her on account of her disability. See *Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 686 (4th Cir.1997). The Plaintiff's assertion of garden variety mental distress and revealing that she had suffered with sick building syndrome or sought accommodations due

to PTSD, injuries attributed to her employer NOT the Defendants, does not waive her privileges nor does it put her disability at issue.

### C. Privileges asserted under the Americans with Disabilities Act (ADA) and Fourteenth Amendment are applicable

The records that the Defendants seek are protected by the ADA and the Fourteenth amendment because they were compiled through actions that violated both the ADA and Fourteenth amendment. As recognized in <u>Doe v. United States Postal Service, 317 F.3d 339 (D.C.Cir.2003)</u>, the unlawful compilation is a violation of ADA strengthens their confidentiality; probed an employee for medical information or conditioned the employee's job accommodation or medical leave on the employee's provision of medical information. In such "compelled disclosure" cases, Maryland courts, just like the Court in *Whalen*, weigh a patient's constitutional right to be free from the compelled disclosure of private medical records against the state's interest in obtaining those records through an administrative process established by statute. *See <u>Doe v. Maryland Board of Social Work Examiners</u>, 384 Md. 161, 862 A.2d 996 (2004); Dr. K., 98 Md. App. at 115* Thus, the Fourteenth Amendment privacy interest incorporated into Maryland's constitution.

As the medical records that the Defendants seek to subpoena and /or Order produced were compelled from the Plaintiff through administrative Orders to the District of Columbia government is relevant to the fact that they were never willing neither revealed nor participated in her employer's actions. The fact that there is a record and said record was fraudulently compiled through numerous and repeated violations of the Plaintiff's Federal and Constitutional rights as articulated by the ADA and the Fourteenth Amendment are civil actions currently before the DCOHR, the DCCoA and The USDCDC. The Plaintiff's right to assert privilege and privacy is heightened by the illegal and fraudulent means used to construct, compel and order the Plaintiff to comply to her former employer, the government of District of Columbia. The government of the District of Columbia's illegal and fraudulent actions against the

Plaintiff, through all of her healthcare providers, tightens the initial restrictions of confidentiality articulated by both the ADA and the Fourteenth Amendment.

### D. The Court took Judicial Notice of the Defendants Judicial Admission

A judicial admission is a representation that is "'conclusive in the case'" unless the court allows it to be withdrawn. *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th Cir.2004) (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir.1995)(further defining judicial admissions as "formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them")). Judicial admissions include "intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law." *Id.* at 264-65. "[A] lawyer's statements may constitute a binding admission of a party[ ]" if the statements are "'deliberate, clear, and unambiguous[.]'"*Fraternal Order of Police Lodge No. 89 v. Prince George's Cnty., Md.*, 608 F.3d 183, 190 (4th Cir.2010) (quoting *Meyer*, 372 F.3d at 265 n. 2). "We review the district court's determination as to whether a particular statement constitute[d] a judicial admission... [for] abuse of discretion." *Meyer*, 372 F.3d at 264 (quotations omitted) (alterations in original). The Defendants' assertions as noticed in the Court's December 17, 2015 order constitutes a judicial admission.

### E. The Plaintiff's subpoenaed Health care providers support the her assertions of privilege
The only health care provider that may be acting in acquiesce to the Defendants' demands are those that are currently defendants in the Plaintiff's civil actions before the DCOHR, DCCOA and the US DC of DC. The Defendant has been informed, by COPE Incorporated directly in writing and/or indirectly by Psych Experts and Associates, and that they support the Plaintiff's privilege and right to privacy

**[Attachment A; Attachment B; Attachment C; Attachment D]**

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court grants the Plaintiff's Motions to Quash the Defendants' third party subpoenas to COPE Incorporated, PFC Associates and Psych Experts.

WHEREFORE, Plaintiff respectfully requests that the Plaintiff's Motions to Quash the Defendants' third party subpoenas to COPE Incorporated, PFC Associates and Psych Experts be GRANTED.

Dated: July 15, 2016                                       Respectfully Submitted,

*[signature]*

Nicole Rena McCrea
*Pro Se*
5205 East Capitol St., SE
Washington, DC 20019
E-mail: nic_mack@yahoo.com
202-491-9656

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NICOLE RENA MCCREA,

    Plaintiff,

v.                                                Civil Action No.: JKB-15-0579.

JOHNS HOPKINS

UNIVERSITIES, et al.

    Defendants,

# **CERTIFICATE of AUTHENTICITY**

I, Nicole Rena McCrea, certify under penalty of perjury that the following attachments, in support of the Plaintiff's Opposition to Defendants' Motion for Court Order to Produce Subpoenaed Medical Records, are true and authentic copies of:

1. May 16, 2016 e-mail from COPE Incorporated, in support of Plaintiff's assertions of privacy **[Attachment A1-A2]**.
2. May 26, 2016 follow-up e-mail from COPE Incorporated, in support of Plaintiff's assertions of privacy **[Attachment B1- B2]**.
3. May 26, 2016 copy of letter COPE Incorporated sent to Defendants', in support of Plaintiff's assertions of privacy **[Attachment C1-C2]**.
4. June 14, 2016- June 26, 2016 e-mail to and from Dr. Carla Rhodes, in support of Plaintiff's assertions of privacy and Plaintiff's Motion to Quash **[Attachment D]**

Dated: July 15, 2016                                        Respectfully Submitted,

Nicole Rena McCrea
Pro Se
5205 East Capitol St., SE
Washington, DC 20019
E-mail: nic_mack@yahoo.com
202-491-9656

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

NICOLE RENA MCCREA,

    Plaintiff,

v.                                                                                                     Civil Action No.: JKB-15-0579.

JOHNS HOPKINS

UNIVERSITIES, et al.

    Defendants,

## Certificate of Service

I, Nicole Rena McCrea, hereby certify that on July 15, 2016, a copy of Plaintiff's Opposition to Defendants' Motion for Court Order to Produce Subpoenaed Medical Records, with certified as true supporting documents, was sent to the Defendants', The Johns Hopkins University, Dexter Smith and Eileen Haase, served, via United States Postal Service, regular mail, and the parties listed below.

Nicole Rena McCrea, *Pro Se*
5205 East Capitol St., SE
Washington, DC 20019
202/491-9656
nic_mack@yahoo.com

Elena D. Marcuss
McGuire Woods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202


Adam T. Simons
McGuire Woods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202


Mark B. Rotenberg
The Johns Hopkins Universities
113 Garland Hall
3400 N. Charles St.,
Baltimore, Md 21218


Terri L. Turner
The Johns Hopkins Universities
113 Garland Hall
3400 N. Charles St.,
Baltimore, Md 21218


Dexter Smith
Dorsey Student Services Center
Johns Hopkins University
6810 Deerpath Road, Suite 100
Elkridge, Md 21075


Eileen Haase
Dorsey Student Services Center
Johns Hopkins University
6810 Deerpath Road, Suite 100
Elkridge, Md 21075