IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NICOLE RENA MCCREA, | * | |
|     Plaintiff, pro se, | * | |
| v. | * | Civ. No.: JKB-15-579 |
| JOHNS HOPKINS UNIVERSITIES, ET AL., | * | |
|     Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Now pending before the court are plaintiff's motions to quash and/or modify eight subpoena requests served by defendants on plaintiff's former employer and medical providers ("Plaintiff's Motions") (ECF Nos. 40, 41, 42, 43, 48, 49, 50, and 54) and defendants' Consolidated Opposition to Plaintiff's Motions to Quash Subpoenas and Motion for an Order to Produce Subpoenaed Medical Records ("Defendants' First Opposition and Motion") (ECF No. 47). No hearing is necessary. See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons discussed below, Plaintiff's Motions are DENIED and Defendants' Motion is GRANTED.

### I.     Procedural Background

This case was referred to the undersigned by Judge Bredar for all discovery and related scheduling, pursuant to 28 U.S.C. § 636(c) and Local Rule 301, on May 11, 2016. (ECF No. 33.) The court conducted a telephone conference with the parties on May 26, 2016, the results of which were memorialized in a letter order dated May 27. (ECF No. 37.) Specifically, pro se plaintiff was informed of her discovery obligations and directed to: (1) "Produce all documents

responsive to defendants' discovery requests;" (2) "provide a privilege log to defendants;" (3) "provide complete and non-evasive responses to defendants' written discovery requests;" and (4) attach a signed affirmation to her answers to defendants' interrogatories.  (Id.)

Plaintiff filed an inapposite Motion for Reconsideration based on the court's May 27, 2016 letter order outlining plaintiff's discovery obligations.  (ECF No. 39.)  Noting that the obligations set forth in the May 27 letter order "apply to all parties in a lawsuit," the court concluded that "there is no basis for, or reason to, reconsider the May 27 order," and denied plaintiff's motion.

Unable to obtain any meaningful discovery from plaintiff directly, defendants began to issue third-party subpoenas to plaintiff's former employer and medical providers.  (See, e.g., ECF No. 40 at 14.)  It is this series of subpoenas which plaintiff now challenges.

Plaintiff has filed eight separate motions to quash and/or modify defendants' subpoena requests.  Plaintiff filed her first four motions to quash on June 13, 2016:

1. Plaintiff's Motion to Quash Defendants' Subpoena to DC Fire and Emergency Services (ECF No. 40);[1]
2. Plaintiff's Motion to Quash Defendants' Subpoena to PFC Associates (ECF No. 41);
3. Plaintiff's Motion to Quash Defendants' Subpoena to COPE (ECF No. 42);
4. Plaintiff's Motion to Quash Defendants' Subpoena to Psych Experts and Associates (ECF No. 43);

The fifth, sixth, and seventh motions to quash were filed on July 1, 2016:

5. Plaintiff's Motion to Quash Defendants' Subpoena to DC Fire and Emergency Services (ECF No. 48);
6. Plaintiff's Motion to Quash Defendants' Subpoena to Dr. Carla Rhodes (ECF No. 49);
7. Plaintiff's Motion to Quash Defendants' Subpoena to Mr. Syed Kamran (ECF No. 50);[2]

---

[1] As noted above, plaintiff filed an initial Motion to Quash Defendants' Subpoena to DC Fire and Emergency Services on June 13, 2016.  (ECF No. 40.)  Plaintiff subsequently refiled the same motion on July 1, 2016.  (ECF No. 48.)  In light of Defendants' First Opposition and Motion, in which defendants state that they withdraw the subpoena to District of Columbia Fire and Emergency Medical Services, plaintiff's motions to quash this subpoena (ECF Nos. 40, 48) are both DENIED AS MOOT.  (See ECF No. 47-1, Footnote 1.)

Plaintiff's eighth motion was filed on July 19, 2016:

> 8. Plaintiff's Motion to Modify the Defendants' Subpoena to the District of Columbia Human Resources (ECF No. 54).

Defendants filed a Consolidated Opposition to Plaintiff's Motions to Quash Subpoenas and Motion for an Order to Produce Subpoenaed Medical Records ("Defendants' First Opposition and Motion") (ECF No. 47) and a second Consolidated Opposition to Plaintiff's Motion to Quash Subpoenas ("Defendants' Second Opposition") (ECF No. 51).

In addition, plaintiff has filed an Opposition to Defendants' Motion for Court Order to Produce Subpoenaed Medical Records (ECF No. 52) and two Consolidated Motions in Support of Plaintiff's Motions to Quash Defendants' Subpoenas (ECF Nos. 53, 55).

## II. Discussion

Plaintiffs' Motions rely upon the same substantive arguments and legal authority and may, therefore, be considered together.[3]

### a. Relevance of the Information Sought

Plaintiff's Motions first challenge the subpoenas on the basis of relevance under Federal Rule of Civil Procedure 26(b)(1). (ECF No. 49 at 7.) Rule 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[2] Defendants' Second Opposition indicates that their subpoena to Mr. Kamran was returned unserved. (ECF No. 51 at 3-4.) Subsequent to the issuance of the subpoena, defendants learned that Mr. Kamran is an individual associated with third-party subpoena respondent PsychExperts & Associates, Inc. (Id. at 4.) In light of the separate subpoena served on PsychExperts & Associates, "Defendants did not pursue further attempts to serve the subpoena on Mr. Kamran individually." (Id.) As the subpoena was not served on Mr. Kamran, plaintiff's motion to quash this subpoena (ECF No. 50) is DENIED AS MOOT.

[3] While there exist slight variations among Plaintiff's Motions, these distinctions are not material and do not change the result reached herein.

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendants argue that plaintiff's "medical and health records are discoverable under [Rule 26(b)(1)] because Plaintiff has placed her physical, mental, and emotional health at issue in her lawsuit by asserting that Defendants discriminated against her based on her alleged disability, and failed to accommodate her, in violation of the ADA and the Rehabilitation Act." (ECF No. 47-1 at 3-4.)

As plaintiff's claims in the instant lawsuit require her to produce evidence of her alleged disability (see ECF No. 1 at 10), medical records related to plaintiff's mental, physical, and emotional health are indeed relevant, and plaintiff has not explained how her medical providers' production of these materials would be unduly burdensome. While Plaintiff's Motions cite some legal authority which might, in certain circumstances, support the quashing or modification of a subpoena because of the burden it creates, plaintiff does not state how these principles apply in this case. Consequently, defendants are entitled to discovery of plaintiff's subpoenaed medical records. See Testerman v. Procter & Gamble Mfg. Co., 2015 WL 151370, at *3 (D. Md. Jan. 9, 2015).

### b. Plaintiff's Assertion of Privilege

Plaintiff's Motions also challenge the subpoenas on the basis of the psychotherapist-patient privilege, the Fourteenth Amendment, and the Americans with Disabilities Act ("ADA"). (See ECF No. 49 at 9-10, 14-17).

Defendants argue that there is no applicable privilege for plaintiff's medical and mental health records. First, defendants assert that plaintiff has waived the psychotherapist-patient privilege by placing her mental condition and disabilities at issue in this case. (ECF No. 47-1 at

4.) Second, defendants claim that the Fourteenth Amendment privilege "protects plaintiff from <u>government</u> intrusions"—not at issue in this case. (<u>Id</u>. at 5) (emphasis in original.) Third, defendants argue that the ADA targets the manner in which employers maintain employee disability and medical records, but does not create the type of litigation privilege asserted by plaintiff. (<u>Id</u>. at 5-6.)

Here, plaintiff has waived her right to invoke the psychotherapist-patient privilege by placing her physical and mental health at issue in this case. Because plaintiff's claims require her to produce evidence of her PTSD, she may not preclude discovery of information relevant to these conditions. See <u>Fields v. W. Virginia State Police</u>, 264 F.R.D. 260, 264 (S.D.W. Va. 2010) ("[T]he psychotherapist privilege can be waived by a party who puts his or her mental state or condition at issue in the lawsuit as an element of a claim or defense.")

In addition, plaintiff's assertion of her Fourteenth Amendment privilege is inapplicable in this case. "[A]lthough the Constitution affords protection against certain kinds of <u>government intrusions</u> into personal and private matters, there is no general constitutional right to privacy…" <u>Whalen v. Roe</u>, 429 U.S. 589, 607-08 (1977) (Stewart, J., concurring) (emphasis added) (internal citation omitted). As defendants in this case are not state actors, the Fourteenth Amendment is inapplicable.

Finally, plaintiff's assertion of a privilege under the ADA is misplaced. While the ADA does require that medical records kept by an employer be treated as confidential, the Act does not create the litigation privilege asserted by plaintiff here. <u>See</u> 29 C.F.R. § 1630.14(b)(1) (describing the ADA's confidential recordkeeping requirement).

The privileges invoked by plaintiff have either been waived (psychotherapist-patient privilege) or are inapplicable (Fourteenth Amendment, ADA) in this case, and defendants are

entitled to discovery of plaintiff's subpoenaed medical records.

### c. Judicial Notice

Plaintiff's Motions also challenge defendants' subpoenas through an argument centered on the evidentiary rule of "judicial notice." Fed. R. Evid. 201. Plaintiff states that the, "Court took Judicial notice, conclusively established, the fact…that the Plaintiff has PTSD…" (ECF No. 49 at 13-14.) Thus, plaintiff appears to argue that because the court recognized the existence of plaintiff's allegations regarding her mental condition, these facts are "conclusively established," and further discovery is not required. (Id.)

In response, defendants argue that the court has not taken—and cannot take—judicial notice of plaintiff's disability. (ECF No. 47-1 at 6-7.)

The court has not taken judicial notice of any facts in this case. Plaintiff's reliance on Judge Quarles' recitation of plaintiff's own factual allegations in his December 2015 Memorandum Opinion did not, contrary to plaintiff's assertion, "conclusively establish" any facts in this case. (ECF No. 15.) Nor is it possible for the court to take judicial notice of plaintiff's medical and/or mental condition, as such information is neither "generally known" nor "readily determined." Fed. R. Evid. 201(b).

Plaintiff's argument is thus inapposite, and defendants are entitled to discovery of plaintiff's subpoenaed medical records.

### III. Conclusion

For the reasons set forth above, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Quash Defendants' Subpoena to DC Fire and Emergency Services (ECF No. 40) is DENIED AS MOOT;

2. Plaintiff's Motion to Quash Defendants' Subpoena to PFC Associates (ECF

   No. 41) is DENIED;

3. Plaintiff's Motion to Quash Defendants' Subpoena to COPE (ECF No. 42) is DENIED;

4. Plaintiff's Motion to Quash Defendants' Subpoena to Psych Experts and Associates (ECF No. 43) is DENIED;

5. Plaintiff's Motion to Quash Defendants' Subpoena to DC Fire and Emergency Services (ECF No. 48) is DENIED AS MOOT;

6. Plaintiff's Motion to Quash Defendants' Subpoena to Dr. Carla Rhodes (ECF No. 49) is DENIED;

7. Plaintiff's Motion to Quash Defendants' Subpoena to Mr. Syed Kamran (ECF No. 50) is DENIED AS MOOT;

8. Plaintiff's Motion to Modify the Defendants' Subpoena to the District of Columbia Human Resources (ECF No. 54) is DENIED.

It is further **ORDERED** that third-party subpoena respondents PFC Associates (see ECF No. 41), COPE (see ECF No. 42), Psych Experts and Associates (see ECF No. 43), Dr. Carla Rhodes (see ECF No. 49), and District of Columbia Human Resources (see ECF No. 54) shall respond to defendants' subpoena requests within fourteen (14) days of this order. Defendants shall ensure that the information produced by third-party subpoena respondents is not disclosed outside of this litigation.

The Clerk shall ensure that the parties receive a copy of this Order.

Date:  July 27, 2016                                          /s/
                                                    Beth P. Gesner
                                                    United States Magistrate Judge